SHORTELL LAW LLC
Caitlin Shortell ABA # 0401025
911 W. 8th Avenue, Suite 204
Anchorage, Alaska 99501
Telephone: (907) 272-8181
Facsimile: 1 (888) 979-6148
cs.sgalaw@gmail.com

Heather Gardner ABA # 0111079
4141 B Street, Suite 410
Anchorage, Alaska 99503
Telephone: (907) 375-8776
Facsimile: 1 (888) 526-6608
hgardnerlaw@gmail.com

Counsel for Denali Nicole Smith

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENALI NICOLE SMITH, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br> vs.<br><br>MICHAEL DUNLEAVY, in his official capacity of Governor of the State of Alaska, KEVIN CLARKSON, in his official capacity as Attorney General of the State of Alaska, BRUCE TANGEMAN, in his official capacity as Commissioner of the State of Alaska, Department of Revenue, ANNE WESKE, in her official capacity as Director of the Permanent Fund Division, State of Alaska, Department of Revenue,<br><br>        Defendants. | Case No. 3:19-cv- |

## COMPLAINT

## I.  INTRODUCTION

Plaintiff, on behalf of herself and others similarly situated, hereby complains and alleges as follows:

1.      This is an action brought under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-02 for damages, declaratory, and injunctive relief against the Governor of the State of Alaska, Michael Dunleavy; the Attorney General of the State of Alaska, Kevin Clarkson; the Commissioner of the Alaska Department of Revenue, Bruce Tangeman; and the Director of the State of Alaska, Department of Revenue, Permanent Fund Division, Anne Weske.

2.      This is also an action to restore and affirm the civil liberties, individual rights, and equal protection under the law otherwise guaranteed by the Alaska Constitution, United States constitution, and Alaska law to each and all of its citizens.

3.      Plaintiff brings this action to stop the state from its unlawful enforcement of previously enjoined statutes, which excluded same-sex couples from marriage and prevents the State of Alaska from recognizing valid same-sex marriages entered into elsewhere. In *Hamby v. Parnell*, Case No. 3:14-cv-00089-TMB, 56 F.Supp.3d 1056 (D. Alaska 2014), this court declared that the referenced Alaska Statutes violate the equal protection and due process rights of Plaintiff guaranteed by the United States Constitution and entered an injunction 1) barring Defendants from enforcing Alaska Stat. §§ 25.05.011-.013 and other statutes violating Plaintiff's right to equal protection and due process, 2) requiring Defendants to authorize and issue marriage licenses to unmarried

Plaintiff and all those similarly situated and 3) to extend legal recognition under state law to the existing marriages of Plaintiffs lawfully married elsewhere and all those similarly situated.

4.    After the court issued the order of declaratory relief and a permanent injunction, the State of Alaska continued to enforce the referenced statutes, explicitly denying Plaintiff and other Alaska residents who were accompanying spouses of Alaska residents in military service outside the state in same sex marriages their permanent fund dividends on the basis of Alaska Stat. §§ 25.05.011-.013.  Specifically, as to Plaintiff Denali Smith, the State of Alaska denied Plaintiff's eligibility for the 2019 Permanent Fund Dividend (hereinafter "PFD") because she is a woman married to a woman who is a member of the Armed Forces of the United States who would, if married to a male member of the Armed Forces of the United States, be categorically eligible for the 2019 PFD.

5.    On information and belief, Plaintiff is not the only person against whom the State of Alaska has applied, and/or enforced, statutes that it was permanently enjoined from enforcing under the explicit order of this court in *Hamby v. Parnell*, and that are also unenforceable as violative of Plaintiff's and similarly situated persons' rights to due process and equal protection under the law as established by subsequent case law.

## II. JURISDICTION

6.      The U.S. District Court for the District of Alaska has jurisdiction over this matter under 28 U.S.C. §1331 and §1343 because it raises a federal question under 42 U.S.C. §1983 and under the Fourteenth Amendment to the United States Constitution.

7.      At all times relevant, all Plaintiff named was and is a resident of Alaska, within the jurisdiction of the United States District Court for the District of Alaska.

8.      At all times relevant, Defendants were Alaska residents performing their official duties under color of state law as elected or appointed officials of the State of Alaska.

9.      Venue is appropriate in the District of Alaska under 28 U.S.C. §1391(b) because the Defendants perform their official duties, including those complained of herein, within the District's geographical boundaries.

10.     This court has authority to enter a declaratory judgment and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§2201 -02.

11.     Plaintiff, on behalf of herself and others similarly situated, brings this action pursuant to 42 U.S.C. §1983, 28 U.S.C. §1331and §1343 for damages, declaratory and injunctive relief against Defendants, and for attorney's fees pursuant to 42 U.S.C. § 1988.

12.     Specifically, Plaintiff seeks: a) a declaration that Alaska's denial of the PFD to accompanying spouses of military members in same sex marriages based on permanently enjoined Alaska Statutes prohibiting same sex couples from marrying and prohibiting recognition of lawful out of state marriages of same sex couples violate the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and b) a permanent injunction (i) preventing Defendants, in their official capacities from denying Plaintiff and other accompanying same sex spouses of military members stationed outside the state of Alaska from receiving a PFD; (ii) directing Defendants to authorize legal state recognition of the marriages of the married Plaintiffs and others similarly situated that were validly entered into outside Alaska; and (iii) directing Defendants to identify all individuals similarly situated to Plaintiff who have been denied a PFD based on Alaska Stat. §§ 25.05.011-.013; and (iv) directing Defendants to pay Plaintiff and all others similarly situated their PFDs denied based on Alaska Stat. §§ 25.05.011-.013 without further delay.

**III. PARTIES**

**A. Plaintiff**

13.     Plaintiff DENALI NICOLE SMITH is a resident of the State of Alaska. Denali was born and raised in Anchorage. Denali was recruited to play college softball in California in 2014 and went to college in California in 2014.

14. In 2016, Denali returned to Anchorage and resided there. Denali is registered to vote in Anchorage, Alaska, and has never been registered to vote in any other jurisdiction.

15. In 2018, Denali married Miranda Murphy, an Alaska resident who is a member of the United States Armed Forces stationed in Jacksonville, Florida. After marriage, Denali moved to Jacksonville, Florida to accompany Miranda at her station.

16. Denali applied for and was denied her 2019 PFD in a written notice on the basis of Alaska Stat. §§ 25.05.011-.013, because she was accompanying her same military member sex spouse. PFD Division representatives also verbally explained to Denali that if she were married to a man, she would not be denied her PFD. Although Denali and Miranda were legally married in Florida on May 14, 2018, the State of Alaska denied her eligibility for the 2019 PFD on the explicit basis that the referenced Alaska Statutes prohibited recognition of their marriage or payment of the PFD to an accompanying spouse of a military member in a same sex marriage.

**B. Defendants**

17. Defendant MICHAEL DUNLEAVY is the Governor of the State of Alaska. As governor, he is ultimately responsible for the execution of the laws of the State of Alaska, including Alaska Stat. §§ 25.05.011-.013, and other statutes, regulations, and policies that exclude same sex couples from marrying in Alaska or having their lawful marriages recognized under Alaska law. He is sued in his official capacity.

18.    Defendant KEVIN CLARKSON is the Attorney General of the State of Alaska. As Attorney General he represents the State of Alaska and its executive branch agencies via the Alaska Department of Law. The Attorney General also defends state policy and actions in courts in Alaska and elsewhere, including filing amicus briefs in against equal protection and due process for LGBT people. He is sued in his official capacity.

19.    Defendant BRUCE TANGEMAN is the Commissioner of the Alaska Department of Revenue. He was appointed by the governor to oversee the executive branch agency that includes the Division of the Permanent Fund Dividend, the agency authorized to determine eligibility and issue PFDs in Alaska. He is sued in his official capacity.

20.    Defendant ANNE WESKE is the Director of the Division of the Permanent Fund of the Alaska Department of Revenue. She is responsible for setting policy on eligibility determinations and issuance of the Permanent Fund Dividend. She is sued in her official capacity.

21.    Defendants, through their respective duties and obligations, are responsible for enforcement of permanently enjoined Alaska laws that bar same sex couples from marrying in Alaska, deny recognition of the valid out of state marriages of same sex couples, and denying the benefits of marriage, to Alaska residents.

Smith v. Dunleavy et al.
Case No.: 3:19-cv-
Complaint

7

Case 3:19-cv-00298-HRH   Document 1   Filed 11/20/19   Page 7 of 22

22.     Each Defendant has caused the harm alleged herein, and will continue to harm Plaintiff and those similarly situated unless enjoined. Therefore, the relief sought is against all Defendants, as well as their designees, officers, employees and agents.

## IV. STATEMENT OF FACTS

23.     Article 1, § 25 of the Alaska Constitution, adopted in 1998, barred the state from recognizing or treating as valid any same sex marriage, as follows:

*§ 25. Marriage*

*To be valid or recognized in this State, a marriage may exist only between one man and one woman. Alaska Const. Art. 1 Sec. 25.*

24.     Title 25 of Alaska Statutes explicitly defines marriage as limited to opposite sex couples under state law. Prior to 1996, Alaska law did not define marriage as a contract between opposite sex persons, and did not explicitly prohibit the issuance of a marriage license to a same sex couples.

25.     Alaska Statute § 25.05.011 was amended in 1996 and provides as follows:

*Sec. 25.05.011. Civil contract.*

*(a) Marriage is a civil contract entered into by one man and one woman that requires both a license and solemnization. The man and the woman must each be at least one of the following:*

*(1) 18 years of age or older and otherwise capable;*

*(2) qualified for a license under Alaska Stat. § 25.05.171; or*

*(3) a member of the armed forces of the United States while on*

*active duty.*

*(b) A person may not be joined in marriage in this state until a*

*license has been obtained for that purpose as provided in this chapter. A*

*marriage performed in this state is not valid without solemnization as*

*provided in this chapter.*

26.     Alaska law also explicitly barred the recognition by the state of valid same sex marriages and voids same sex marriages lawfully entered into elsewhere. Alaska Stat. § 25.05.013, enacted as a new law in 1996, provides as follows:

*Sec. 25.05.013. Same-sex marriages.*

*(a) A marriage entered into by persons of the same sex, either*

*under common law or under statute, that is recognized by another state*

*or foreign jurisdiction is void in this state, and contractual rights granted*

*by virtue of the marriage, including its termination, are unenforceable in*

*this state.*

*(b) A same-sex relationship may not be recognized by the state as*

*being entitled to the benefits of marriage.*

27.     The United States government and the State of Alaska recognizes Denali Smith's marriage for purposes of taxation, veteran's benefits, and other federal programs, but the State of Alaska has continued to treat her as a legal stranger to her wife by

denying her a PFD based on permanently enjoined Alaska Statutes. On information and belief, the state of Alaska has denied other same sex accompanying spouses of military members stationed out of state their PFDs based on the unconstitutional, enjoined Alaska Statutes. Five years after this court issued a permanent injunction from enforcement of the statutes, the State does not recognize the lawful marriages of same sex couples and declares their marriages void under Alaska law.

28.     Denali Smith is lawfully married under the laws of sister states, but Alaska refuses to recognize her same sex marriage as a basis to deny her a PFD. Unilaterally, and in violation of order of this court and the Supreme Court of the United States of America, Alaska has voided her legal status and rights and responsibilities as a married person.

29.     Explicitly in reference to Alaska Stat. §25.05.013(b), Defendants single out accompanying same sex spouses, including Denali Smith, as not being entitled to the benefits of marriage, while heterosexual accompanying spouses of military members stationed out of state are granted the permanent fund dividend.

30.     Alaska's persistent exclusion of same sex couples from marriage and refusal to recognize existing marriages of same sex couples, going so far as to void those marriages, harms the Plaintiff and other Alaska same sex couples and their families in real and significant ways.

31.     Alaska's exclusion of same sex couples from marriage and refusal to recognize existing marriages, as well as its affirmative voiding of lawful marriages from

sister states, undermines the Plaintiff's and others' similarly situated ability to achieve their aspirations, disadvantages them financially, and denies them "dignity and status of immense import." *U.S. v. Windsor*, 133 S. Ct. 2675, 2692 (2013). Plaintiff is stigmatized and relegated to second class status by being barred from legal recognition of her marriage in her home state. Alaska's exclusion of Plaintiff and other accompanying same sex spouses of military members from receipt of a PFD informs same sex couples and the community that their committed relationships are unworthy of recognition.

32.     By singling out Denali Smith and other accompanying spouses of same sex couples from receipt of a PFD, Alaska conveys to Plaintiff and others similarly situated that their families are not equal to other Alaska residents who accompany their military member spouses on duty.

33.     On October 12, 2014, this court declared unconstitutional and permanently enjoined Alaska's marriage laws that violated the Constitution's mandate of equality and due process. *Hamby v. Parnell*. 56 F. Supp. 3d 1056 (D. Alaska 2014).

34.     On June 26, 2015, the Supreme Court of the United States declared all such laws unconstitutional nationwide and ordered the states to grant and recognize the right to marry to same sex couples. *Obergefell v. Hodges*. 576 U.S. _____ (2015); 125 S.Ct. 2584 (2015).

35.     By denying Plaintiff, and others similarly situated, the routine determination of eligibility for and payment of the PFD, Defendants ignored the

decisions of this court and the Supreme Court of the United States and continued enforcing these unconstitutional statutes as a basis for discrimination against same sex spouses of military members stationed out of state.

## V. CAUSES OF ACTION

First Cause of Action

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Against All Defendants

Alaska's Denial of a PFD to Accompanying Same Sex Spouses of Military Members Stationed Out of State Deprives Plaintiff and Others Similarly Situated of their Rights to Due Process of Law under the Fourteenth Amendment to the United States Constitution

36.     Plaintiff incorporates by reference all of the above paragraphs as though fully set forth herein.

37.     Plaintiff states this cause of action against all Defendants in their official capacities for purposes of seeking damages, injunctive, and declaratory relief.

38.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, §1.

39.     The Alaska Constitution, Article 1, Section 25, Alaska Stat. §25.05.011, Alaska Stat. §25.05.013, and all other sources of state law that preclude marriage for

same sex couples or deny same sex married couples the full benefits available to opposite sex couples under law, violate the due process guarantee of the Fourteenth Amendment both facially and as applied to Plaintiffs.

40.     The right to marry the person of one's choice and to direct the course of one's life without undue government restriction is one of the fundamental rights protected by the Due Process Clause of the Fourteenth Amendment. Defendants' actions to enforce the marriage ban statutes, years after these laws were voided and permanently enjoined, impermissibly infringe upon Plaintiff's choices of whom to marry and interfere with a fundamental and intimate personal choice.

41.     The Due Process Clause also protects choices central to personal dignity, privacy, and autonomy, including each individual's fundamental liberty interests in family integrity and intimate association. Defendants' actions to enforce the marriage ban actions to enforce the marriage ban statutes after these laws have been voided and permanently enjoined infringe upon Plaintiffs' deeply intimate, personal, and private decisions regarding family life, and preclude them from obtaining full liberty, dignity, privacy, and security for themselves and their families.

42.     As Alaska's governor, Defendant Dunleavy's actions to stop enforcement of Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for the policies and actions of the executive branch relating to, for example and without limitation: the Permanent Fund Dividend Program, violate

Plaintiff's fundamental right to marry and fundamental interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

43.     As Attorney General of the State of Alaska, Defendant Clarkson's actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for defending and providing legal advice supporting the policies and actions of the executive branch relating to, for example and without limitation: the Permanent Fund Dividend Program, violate Plaintiff's fundamental right to marry and fundamental interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

44.     As Commissioner of the State of Alaska, Department of Revenue, Defendant Tangeman's actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his supervision of the Division of Permanent Fund Dividend, the agency which denied Plaintiff and other accompanying same sex spouses of military members a PFD on the basis of the unconstitutional and permanently enjoined Alaska statutes banning same sex marriage and its recognition, violate Plaintiff's fundamental right to marry and fundamental interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

45. As the Director of the State of Alaska, Division of the Permanent Fund, Defendant Weske's actions to continue enforcement of Alaska's exclusion of same sex couples from marriage by denying Plaintiff and other accompanying same sex spouses of military members stationed out of state their PFDs, violate Plaintiff and others similarly situated their fundamental right to marry and fundamental interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

46. Defendants cannot excuse their egregious continued enforcement of marriage laws that this court - and the United States Supreme Court - held to violate the fundamental right to marry and interference with fundamental liberty interests in liberty, dignity, privacy, autonomy, family integrity, and intimate association.

47. Defendants' deprivation of the Plaintiff's constitutional rights under color of state law violates 42 U.S.C. §1983.

48. Plaintiff and others similarly situated have no adequate remedy at law to redress the wrongs alleged herein, which are of a continuing nature and which cause and will continue to cause them irreparable harm.

49. Plaintiff and others similarly situated are entitled to declaratory and injunctive relief on this basis.

## SECOND CAUSE OF ACTION

### Against All Defendants

**Alaska's Unequal Treatment of Same Sex Married Couples Deprives Plaintiff and Those Similarly Situated of Her (Their) Rights to Equal Protection of the Laws Under the Fourteenth Amendment to the United States Constitution**

50.     Plaintiff incorporates by references all of the above paragraphs as though fully set forth herein.

51.     Plaintiff states this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

52.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

53.     The Alaska Constitution, Article 1, Section 25, Alaska Stat. §25.05.011, Alaska Stat. §25.05.013, and all other sources of state law that preclude marriage for same sex couples violate the equal protection guarantee of the Fourteenth Amendment both facially and as applied to Plaintiff. The conduct of the Defendants in continuing to enforce these laws violates the right of Plaintiff and others similarly situated to equal protection by discriminating impermissibly on the basis of sexual orientation and sex.

54.     As Alaska's governor, Defendant Dunleavy's actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for the policies and actions of the executive branch relating

to, for example and without limitation: the Permanent Fund Dividend, violate Plaintiff's and others' similarly situated constitutional right to equal treatment, without regard to sexual orientation or sex, under the Fourteenth Amendment to the United States Constitution.

55.     As Attorney General of the State of Alaska, Defendant Clarkson's actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for defending and providing legal advice supporting the policies and actions of the executive branch relating to, for example and without limitation: the Permanent Fund Dividend, violate Plaintiff and others' similarly situated constitutional right to equal treatment, without regard to sexual orientation or sex, under the Fourteenth Amendment to the United States Constitution.

56.     As Commissioner of the State of Alaska, Department of Revenue, Defendant Tangeman's actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his supervision of the Division of the Permanent Fund Dividend, deprive Plaintiff and others similarly situated of their constitutional right to equal treatment under the law by denying them a permanent fund dividend because they are in a same sex marriage while granting a dividend to heterosexual accompanying spouses of military members stationed out of state.

57.     Defendant Weske's actions to enforce Alaska's exclusion of same sex couples from marriage, and deny accompanying same sex spouses of military members

stationed out of state their PFDs, deprive Plaintiff and others similarly situated of their constitutional right to equal treatment under the law.

58.     Alaska's exclusion of same sex couples from recognition of their marriage and the benefits of marriage, and Defendants' actions to enforce that exclusion, deny same sex couples equal dignity and respect, and deprive their families of a critical safety net of rights and responsibilities. These laws brand same sex couples as second class citizens through government imposed stigma, and also serve to foster private bias and discrimination by instructing all persons with whom same sex couples interact, that their relationships and families are less worthy than others. Alaska's exclusion of same sex couples reflects private moral disapproval and animus toward same sex couples.

59.     Same sex couples are similar to opposite sex couples in all of the characteristics relevant to marriage. Like opposite sex couples, they make a commitment to each other, build their lives together, create families together, plan their futures together, and hope to grow old together, caring for each other physically, emotionally, and financially.

60.     This case presents an actual controversy because Defendants' denial of PFDs  to same sex spouses of military members stationed out of state has continued for five years since this court permanently enjoined the enforcement of the referenced statutes.

61.     Defendants continue to ignore and contravene the decisions of this court

and the Supreme Court of the United States, violating Plaintiff's rights to due process and equal protection, warranting the issuance of a declaratory judgment pursuant to 28 U.S.C. §§2201-2202 and under the Federal Rules of Civil Procedure 57 and 65.

62.     Plaintiff, on behalf of herself and other Alaska residents accompanying their spouses who are military members stationed outside the state of Alaska denied the PFD, seeks injunctive relief to protect her constitutional rights and avoid the injuries described above. An order enjoining Defendants would redress and prevent the irreparable injuries to Plaintiff that have been identified, for which Plaintiff and others similarly situated have no adequate remedy at law or in equity.

63.     The violation of this court's October 12, 2014 Order and Injunction by the State of Alaska in denying Plaintiff and others similarly situated the Permanent Fund Dividend when accompanying same sex spouses of military members calls into question whether the State of Alaska is otherwise continuing to enforce permanently enjoined marriage laws as a basis to deny equal treatment of same sex couples.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this court to enter judgment:

A.     Declaring that denial of a PFD to an accompanying same sex spouse under the Alaska laws barring recognition of marriages of Plaintiff same sex couples, including Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law that deny recognition to and/or void the marriages of the

Plaintiff and all those similarly situated, violates Plaintiff's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

B.      Permanently enjoining denial of a PFD to an accompanying same sex spouse via enforcement by Defendants of Article 1, Section 25 of the Alaska Constitution, Alaska Stat. § 25.05.011-.013, and any other sources of state law to deny or refuse recognition of and/or void the marriages of the married Plaintiffs and all others similarly situated;

C.      Requiring Defendants in their official capacities to permit the issuance of PFD to Plaintiff and all those similarly situated who are accompanying same sex spouses of a military member stationed out of state, pursuant to the same restrictions and limitations applicable to opposite sex couples, and to recognize the marriages validly entered into by Plaintiff and all those similarly situated;

D.      Requiring Defendants to identify all individuals who the State of Alaska denied a PFD from 2014 to the present based on Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law banning same sex marriage, recognition of same sex marriage, or excluding same sex married couples from the benefits of marriage;

E.      Requiring Defendants to pay any and all individuals PFDs, plus interest, to any individuals who were denied a PFD from 2014 to the present based on Article 1,

Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law banning same sex marriage, recognition of same sex marriage, or excluding same sex married couples from the benefits of marriage;

F.      Requiring Defendants to pay Plaintiff her 2019 PFD, applicable interest, costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. §1988;

G.      Requiring Defendants to identify any and all persons that have been denied the right to marry, recognition of their marriage, or benefits of marriage based upon the enjoined statutes since the date of the permanent injunction;

H.      Requiring Defendants to identify any additional Defendants who have, in their official capacities as officers, agents, or employees of the State of Alaska, denied the right to marry, the recognition of same sex marriage, or the benefits of marriage based upon the enjoined statutes since the date of the permanent injunction in *Hamby v. Parnell*;

I.      Granting such other and further relief as the Court deems just and proper.

J.      The declaratory and injunctive relief requested in this action is sought against each Defendant, and all of them; and each Defendant's officers, employees, and agents, and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control, whether direct or indirect.

RESPECTFULLY SUBMITTED this 20th day of November 2019 at Anchorage, Alaska.

By: _____/s/_____
        Caitlin Shortell #0405027

By: _____/s/_____
        Heather Gardner #0111079

Certificate of Service

I certify that a copy of the foregoing was served via Certified U.S. Mail on November 20, 2019 to the following:

Governor Michael Dunleavy
State of Alaska
Office of the Governor
P.O. Box 110001
Juneau, AK 99811-0001

Attorney General Kevin Clarkson
State of Alaska, Department of Law
P.O. Box 110300
Juneau, AK 99811-0300

Bruce Tangeman
Commissioner, State of Alaska, Department of Revenue
P.O. Box 110400
Juneau, AK 99811-0400

Ann Weske
Director, State of Alaska, Department of Revenue
Permanent Fund Dividend Division
P.O. Box 110462
Juneau, AK 99811-0462

____/s/_____
Heather Gardner