SHORTELL LAW LLC
Caitlin Shortell ABA # 0401025
911 W. 8th Avenue, Suite 204
Anchorage, Alaska 99501
Telephone: (907) 272-8181
Facsimile: 1 (888) 979-6148
cs.sgalaw@gmail.com

Heather Gardner ABA # 0111079
4141 B Street, Suite 410
Anchorage, Alaska 99503
Telephone: (907) 375-8776
Facsimile: 1 (888) 526-6608
hgardnerlaw@gmail.com

Counsel for Denali Nicole Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENALI NICOLE SMITH,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL DUNLEAVY, in his official capacity of Governor of the State of Alaska, KEVIN CLARKSON, in his official capacity as Attorney General of the State of Alaska, BRUCE TANGEMAN, in his official capacity as Commissioner of the State of Alaska, Department of Revenue, ANNE WESKE, in her official capacity as Director of the Permanent Fund, State of Alaska, Department of Revenue,<br><br>　　　　　　　　Defendants. | Case No. 3:19-cv-00298-HRH<br>DECLARATION OF DENALI NICOLE SMITH IN SUPPORT OF COMPLAINT |

　　　I, DENALI SMITH, now declare and affirm as follows:

1. I am the plaintiff in this action brought under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-02 for damages, declaratory, and injunctive relief against the Governor of the State of Alaska, Michael Dunleavy; the Attorney General of the State of Alaska, Kevin Clarkson; the Commissioner of the Alaska Department of Revenue, Bruce Tangeman; and the Director of the State Alaska, Department of Revenue, Permanent Fund Dividend Division, Anne Weske.

2. I am bringing this action to stop the state from its unlawful enforcement of previously enjoined statutes, which excluded same-sex couples from marriage and prevented the State of Alaska from recognizing valid same-sex marriages entered into elsewhere since a permanent injunction on enforcement of these laws in *Hamby v. Parnell*, Case No. 3:14-cv-00089-TMB, 56 F.Supp.3d 1056 (D. Alaska 2014).

3. After this court issued the order of declaratory relief and a permanent injunction in *Hamby*, the State of Alaska continued to enforce the statutes, explicitly denying me and other Alaska residents who were accompanying spouses of Alaska residents in military service and students stationed/located outside the state in same sex marriages their permanent fund dividends and other benefits of marriage on the basis of Alaska Stat. §§ 25.05.011-.013.

4. I am an Alaska resident. I was born and raised in Anchorage, Alaska. I went to college in California and returned to Alaska in 2016. I married my wife, Miranda Murphy, an Alaska resident, in 2018. Miranda is stationed in Jacksonville, Florida and

moved to Jacksonville to accompany her after our marriage in 2018. In 2019, I applied for a PFD. On September 19, 2019, I contacted the State of Alaska, Permanent Fund Dividend Division regarding my pending application for a 2019 PFD. During a telephone call on that date, I spoke to PFD representative Jerry Stephens. After I asked a number of questions about my eligibility determination and requested forms, Mr. Stephens said "I always hate having this conversation with people, but you aren't eligible to receive your 2019 PFD because Alaska doesn't recognize same sex marriage." I was shocked by his statement and asked him if he was kidding. He replied, "Unfortunately, no." Mr. Stephens then said that the state was denying my PFD "because the legislature hasn't had time to change the constitution and laws." I asked him to explain if my wife were a man or not the same sex as me, if my absence accompanying her would be allowable. He confirmed that it would be allowable and I would then be eligible. I asked for his name, which he gave me, and I noted it down. I was extremely upset because I am married to my wife and was shocked and horrified that the state could lawfully deny my PFD because I am in a same sex marriage in 2019, years after marriage equality has been legal. I did not know at the time that PFD could not lawfully refuse to recognize my marriage or deny me a PFD on this basis. Mr. Stephens encouraged me to contact my elected representatives about this matter. I ended this telephone call, cried, and then decided to call back the PFD office about an hour later, because I had not received any

written notice of denial or written explanation about the reason for denial. I also needed to request additional forms from the PFD office.

5. On September 19, 2019, an hour after my first call with Jerry Stephens, I called the PFD Division office back. This time, I reached a representative named Annie Lemana. I asked Ms. Lemana to confirm my denial of my PFD and requested a written notice of denial and explaining the legal basis for denial.

6. On September 19, 2019, Ms. Lemana offered to send me the 2019 denial notice and said she would send me the current booklet of the law that was being used to deny my PFD. As promised, Ms. Lemana sent me an email message dated September 19, 2019 that stated,

> Hello Ms. Smith,
>
> As requested please see attached forms. I've also attached the Permanent Fund Division's Statutes and Regulations document. Please see written law highlighted on page 35 AS 25.05.013(a)(b) for same-sex marriages.
> Thank you. Annie Lemana PFD Technician II.

7. Attached to the email was the 2019 State of Alaska statutes and regulations booklet referenced in the email. On page 35, I found the law that was used to deny me eligibility for the 2019 Permanent Fund Dividend because I am a woman married to a woman who is a member of the Armed Forces of the United States stationed outside the state, AS 25.05.013(a) and (b).

8. Also attached to the email was the denial letter, dated August 23, 2019, attached to this Declaration. This letter stated that I was denied because "Denali was absent for 206 days accompanying her same sex spouse." The denial notice then cited the statutes used to deny me.

9. The September 19, 2019 email from Ms. Lemana was the first time I saw a written notice of denial of my 2019 PFD. The notice stated, "If either the facts of this application or the application of the law are incorrect, you have 30 days from the date of this letter to file a Request for Informal Appeal." On the date of the notice and since then, I have been receiving mail with no problem at my Alaska mailing address. The State of Alaska PFD Division only notified me in writing as to the denial upon my request after the time for appeal had almost expired, on September 19, 2019, in the attachment to the email from Annie Lemana.

10. I was very upset that the state of Alaska, where I was born and raised, vote, and intend to return after my wife completes her military duty out of state, could discriminate against me and deny me my PFD because I am gay and married to a woman. I was denied something that every other Alaska resident accompanying their heterosexual spouse of a military member or a student required to be stationed out of state receives.

11. On September 20, 2019, I contacted attorney Caitlin Shortell to request legal advice and representation regarding my PFD.

12. In October of 2019, my wife received her 2019 PFD. I called the PFD office dozens of times to request copies of my applications for my PFDs. I was unable to reach a representative by telephone. On October 29, 2019, I made an email request to Jerry Stephens for my PFD applications and requested and authorized PFD to release and discuss my records with my attorney, Caitlin Shortell. I copied this email to Commissioner of Revenue, Bruce Tangeman, and PFD Division Director, Anne Weske and explained that I was sending the email because I had been unable to receive a response by telephone or email with PFD technicians.

13. After I asked PFD to release and discuss my records with my attorney, PFD Technician II Jerry Stephens called me and left me a voicemail on November 4, 2019 asking me to return his call.

14. On November 5, 2019, Sean Ireland, PFD Specialist I called me to confirm that I authorized him to contact my attorney and I gave authorization. Mr. Ireland then emailed me and my attorney stating that my 2019 PFD was scheduled for payment November 21, 2019. Mr. Ireland did not explain the reason for the reversal in eligibility.

15. On November 6, 2019, I spoke to Jerry Stephens by telephone. During this phone call, Mr. Stephens told me that I was now eligible for payment of a 2019 PFD. I requested that Mr. Stephens explain why my eligibility determination had changed. Mr. Stephens did not say that the legislature had changed the constitution or the laws that he had previously told me prohibit recognition of gay marriage in Alaska. Mr. Stephens said

only that the PFD's "lawyers realized it was wrong what they did to [me]." Mr. Stephens did not explain what the attorneys had realized was wrong or how it was wrong and did not say that the denial was unconstitutional. I asked Mr. Stephens if I would face a denial for the same reason next year because I will be stationed with my wife in Florida next year. Mr. Stephens did not guarantee me that this would not happen in the future. I also asked Mr. Stephens if all the other people that PFD denied in 2019 for being in same sex marriages were going to also get paid. Mr. Stephens said it would be "difficult" to determine that and he didn't know and just repeated "our lawyers are working on it." When I was asking questions, Mr. Stephens seemed nervous, stating "Oh, I have to choose my words carefully." Mr. Stephens explained that he was not the individual who made the eligibility determination, but that he had talked to one of his managers, Kimberly Lane, PFD Specialist II, after his September 19, 2019 phone call with me and encouraged me to contact her. It seemed that Mr. Stephens was anxious to placate me so I would not take any further action. I asked Mr. Stephens for a written notice explaining the reversal. Mr. Stephens said that there was no such notice to explain why the laws that Mr. Stephens, Ms. Lemana, and the written denial notice and email dated September 19, 2019 were now not applicable to me.

16. Following the November 6, 2019 telephone call with Mr. Stephens, I was not certain that Alaska would pay my PFD for 2019 or in the future while I am accompanying my wife in Florida. The reasons I was not certain that the policy and

practice had changed included that PFD Division had never even sent me the denial notice until I requested it on September 19, 2019, due to the fact that I did not receive any written explanation of the eligibility reversal or any assurance that the state of Alaska had not and would not deny me or other people in my position, or pay people like me who were denied in the past. It appeared to me that the PFD representatives were trying to placate me by promising to pay me my 2019 PFD only after I retained an attorney and to deter me from challenging their practices against me and other same sex accompanying spouses – practices that have been ongoing since 2014 and before.

17. Based on the verbal and written representations of Mr. Stephens and Ms. Lemana that the state of Alaska doesn't recognize gay marriage and it would take legislative action to change this, I believe I am not the only person the State of Alaska has denied the PFD based on the laws that previously deemed same sex marriage not recognized in Alaska. I base my belief that this practice damaged other same sex spouses because I learned that a PFD employee contacted my attorney on September 20, 2019 to confirm that denial of PFDs to same sex accompanying spouses was the policy and practice of the PFD division. PFD employees have communicated to me and my attorney that they continued to enforce the unconstitutional, enjoined statutes based on the incorrect idea that the statutes or constitution had to be changed by legislation. I brought the lawsuit to stop state officials from violating the law, to identify the other discriminated against and potential responsible state official defendants, to obtain an

order to pay all people similarly situated their PFD, to direct the state to recognize the right to marry, and grant same sex spouses the benefits of marriage. I believed a lawsuit was necessary even after my notification that I was now eligible for a 2019 PFD to stop these practices against me and others similarly situated.

18. On my own behalf, and on behalf of others similarly situated, I brought this lawsuit for damages, declaratory and injunctive relief against the state officials responsible for the unconstitutional policy and practice of denying me and others either the right to marry, recognition of marriage, or benefits of marriage like the right to receive a PFD when accompanying spouses who are in the military and studying out of state.

19. My lawsuit requests: a) a declaration that Alaska's denial of PFD to accompanying spouses of military members in same sex marriages based on permanently enjoined Alaska Statutes that prohibited same sex couples from marrying and prohibited recognition of lawful out of state marriages of same sex couples violate the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and b) a permanent injunction (i) preventing Defendants, in their official capacities from denying Plaintiff and other accompanying same sex spouses of military members stationed outside the state of Alaska from receiving a PFD; (ii) directing Defendants to authorize legal state recognition of the marriages of the married Plaintiffs and others similarly situated that were validly entered into outside Alaska; and (iii)

directing Defendants to identify all individuals similarly situated to Plaintiff who have been denied a PFD based on Alaska Stat. §§ 25.05.011-.013; and (iv) directing Defendants to pay Plaintiff and all others similarly situated their PFDs denied based on Alaska Stat. §§ 25.05.011-.013 without further delay.

20. I do not believe that the denial of my 2019 PFD was "inadvertent," a "mistake" or a technical error, but rather, a stated and ongoing policy and practice of the State of Alaska to continue to discriminate against same sex couples and refuse to recognize our marriages. Alaska PFD's refusal to recognize same sex marriage was a stated policy that both Jerry Stephens communicated to me on September 19, 2019 by telephone and that Annie Lemana communicated to me on September 19, 2019 by telephone and in her email and attachments on the same date. Ms. Lemana emailed me the state's 2019 booklet used for enforcement, which indicates that the unconstitutional statutes were the basis for my denial. The booklet was annually updated for five years to continue to include the unconstitutional and enjoined statutes as a basis for denial of PFD to same sex accompanying spouses. Stephens, Lemana, the denial notice, and the booklet all confirmed that the unconstitutional same sex marriage ban was the basis for denial of a PFD to same sex accompanying spouses in 2019. An additional PFD Division employee confirmed with my counsel that this was an ongoing practice for the last five years and that was used to deny other PFD applicants. I did not and do not believe that the state officials named would have investigated, stopped, or changed their policy and

practice of denying same sex accompanying spouses a PFD or other benefits without a lawsuit.

21. On November 22, 2019, in a press release, AG Kevin Clarkson admitted that the state had continued to enforce the enjoined statutes for five years after the U.S. District Court enjoined them, stating that PFD statutory enforcement booklets had not been updated since the unconstitutional statutes were enjoined on October 12, 2014. In the press release, Mr. Clarkson made statements that were then posted on Twitter and released to local and national TV and news media that my lawsuit contained false factual assertions and was a "false lawsuit." The press release caused articles to be published in the Anchorage Daily News, New York Times, and aired/published on KTUU, KTVA, NPR, and other news outlets that my lawsuit was a "false lawsuit" and the denial of PFD was "inadvertent." The press release and coverage of it caused an onslaught of discriminatory and hostile comments on Facebook and news publications against me and my case. Many of the comments on social media and news outlets included slurs and derogatory statements toward me, my wife, LGBT people, and civil rights litigants in general.

22. Contrary to Attorney General Clarkson's November 22, 2019 press release, there was no false factual assertion in my complaint and it is not a false lawsuit. Mr. Clarkson's published statements had the effect of prejudicing anyone who heard or read

them, including this court, other lawyers, judges, and potential jurors, against my lawsuit as an allegedly "false lawsuit."

23. Because Mr. Clarkson admitted that the PFD division has continued to put the enjoined statutes in the enforcement booklet for five years after an injunction and admitted that I was denied on the basis of those statutes, he had reason to know that his press release was false, defamatory, and was calculated to create prejudice.

24. Based on the ongoing discrimination of state officials against me and other same sex couples, I am maintaining this lawsuit. I am asking this court for an order with the following relief:

A. A declaration that denial of a PFD to an accompanying same sex spouse under the Alaska laws barring recognition of marriages of Plaintiff same sex couples, including Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law that deny recognition to and/or void the marriages of the Plaintiff and all those similarly situated, violates Plaintiff's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

B. A permanent injunction on denial of a PFD to accompanying same sex Spouses of military members and students stationed out of state via enforcement by Defendants of Article 1, Section 25 of the Alaska Constitution, Alaska Stat. § 25.05.011-

.013, and any other sources of state law to deny or refuse recognition of and/or void the marriages of the married Plaintiffs and all others similarly situated;

C. An order requiring Defendants in their official capacities to permit the issuance of PFD to Plaintiff and all those similarly situated who are accompanying same sex spouses of a military member stationed out of state, pursuant to the same restrictions and limitations applicable to opposite sex couples, and to recognize the marriages validly entered into by Plaintiff and all those similarly situated;

D. An order requiring Defendants to Identify all individuals who the State of Alaska denied a PFD from 2014 to the present based on Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law banning same sex marriage, recognition of same sex marriage, or excluding same sex married couples from the benefits of marriage;

E. An order requiring Defendants to pay any and all individuals PFDs plus interest to any individuals who were denied a PFD from 2014 to the present based on Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law banning same sex marriage, recognition of same sex marriage, or excluding same sex married couples from the benefits of marriage;

F. An order requiring Defendants to pay me my 2019 PFD, any applicable interest, costs, expenses, and reasonable attorney's fees.

G. Granting such other and further relief as the Court deems just and proper.

*Smith v. Dunleavy et al.*
Case No.: 3:19-cv- 00298-HRH
Declaration of Denali Smith

13

Case 3:19-cv-00298-HRH   Document 4   Filed 11/25/19   Page 13 of 14

H. The declaratory and injunctive relief requested in this action is sought against each Defendant, and all of them; and each Defendant's officers, employees, and agents, and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control, whether direct or indirect.

25. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration is filed in support of my Complaint in this action.

Declared and affirmed in Jacksonville, Florida this 24th of November 2019.

_____/s/_____
Denali Nicole Smith