SHORTELL LAW LLC
Caitlin Shortell ABA # 0401025
911 W. 8th Avenue, Suite 204
Anchorage, Alaska 99501
Telephone: (907) 272-8181
Facsimile: 1 (888) 979-6148
cs.sgalaw@gmail.com

Heather Gardner ABA # 0111079
4141 B Street, Suite 410
Anchorage, Alaska 99503
Telephone: (907) 375-8776
Facsimile: 1 (888) 526-6608
hgardnerlaw@gmail.com

Counsel for Denali Nicole Smith

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENALI NICOLE SMITH,<br><br>                         Plaintiff,<br><br>   vs.<br><br>MICHAEL DUNLEAVY, in his official capacity of Governor of the State of Alaska, KEVIN CLARKSON, in his official capacity as Attorney General of the State of Alaska, BRUCE TANGEMAN, in his official capacity as Commissioner of the State of Alaska, Department of Revenue,  ANNE WESKE, in her official capacity as Director of the Permanent Fund Division, State of Alaska, Department of Revenue,<br><br>                         Defendants. | Case No. 3:19-cv-00298-HRH<br>DECLARATION OF COUNSEL IN SUPPORT OF COMPLAINT |

I, CAITLIN SHORTELL, now declare and affirm as follows:

Case 3:19-cv-00298-HRH   Document 5   Filed 11/25/19   Page 1 of 10

1.    I am counsel for Plaintiff, Denali Nicole Smith, in this action brought under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-02 for damages, declaratory, and injunctive relief against the Governor of the State of Alaska, Michael Dunleavy; the Attorney General of the State of Alaska, Kevin Clarkson; the Commissioner of the Alaska Department of Revenue, Bruce Tangeman; and the Director of the State Alaska, Department of Revenue, Permanent Fund Division, Anne Weske.

2.    The following Declaration is filed in support of the Complaint in this action. Plaintiff, Denali Nicole Smith, is bringing this action to stop the State of Alaska from its unlawful enforcement of previously enjoined statutes that excluded same-sex couples from marriage and prevented the State of Alaska from recognizing valid same-sex marriages entered into elsewhere. The state has continued to enforce the enjoined statutes since this court's October 12, 2014 Order in *Hamby v. Parnell*, Case No. 3:14-cv-00089-TMB, 56 F.Supp.3d 1056 (D. Alaska 2014).

3.    I became informed on September 20, 2019 through information provided by Denali Nicole Smith, written documentation from the State of Alaska provided to Smith, and September 20, 2019 written and telephone communications from a current State of Alaska PFD Division employee, that the State of Alaska has continued to enforce the enjoined statutes to deny same sex accompanying spouses to Alaska residents their permanent fund dividends on the basis of Alaska Stat. §§ 25.05.011-.013.

4.     I interviewed Plaintiff, Denali Nicole Smith on September 20, 2019 and subsequently and she informed me of the facts detailed in the Declaration of Denali Nicole Smith filed with this court.

5.     Ms. Smith shared with me an email and attachments dated September 19, 2019 from PFD representative Annie Lemana. Attached documents included the denial notice dated August 23, 2019 and the current booklet of the law that was being used to deny Denali her 2019 PFD. The email stated,

 Hello Ms. Smith,

As requested please see attached forms. I've also attached the Permanent Fund Division's Statutes and Regulations document. Please see written law highlighted on page 35 AS 25.05.013(a)(b) for same-sex marriages.
Thank you. Annie Lemana PFD Technician II.

6.     Attached to the email was the 2019 State of Alaska statutes and regulations booklet referenced in the email. On page 35, published in 2019, was the law that was used to deny eligibility for the 2019 Permanent Fund Dividend, AS 25.05.013(a) and (b).

7.     Also attached to the email was the denial letter, dated August 23, 2019, filed with the Complaint. This letter stated that Denali was denied because "Denali was absent for 206 days accompanying her same sex spouse." The denial notice then cited the statutes used to deny her.

8.      On September 20, 2019, I posted on Facebook and asked for information or evidence about others denied their PFD based on the enjoined statutes. On September

20, 2019, a PFD employee[1] who had seen my post contacted me and confirmed that PFD denied accompanying same sex spouses up to the present date, and any biological children of accompanying same sex spouses would also have been denied. The employee told me that the previous director of the division, Sarah Race, stated that it would take further legislative action or litigation to stop enforcement of the enjoined statutes. The employee said they were not advised of the unlawfulness of enforcing the enjoined statutes by supervisors. The PFD employee said that they had asked about a recent denial of an accompanying same sex spouse that had come to their attention on the basis of the Alaska Statutes not recognizing same sex marriage, and was told by supervisors in Juneau that the state was not paying it. The PFD employee told me that they would provide me information to assist me in this lawsuit and would testify truthfully to these facts under subpoena. On November 24, 2019, the PFD employee reported to me that on November 22, 2019, after the filing of the Complaint in this matter, management assigned employees the task of identifying 2019 PFD cases denied based on absence of an accompanying same sex spouse, directed them to pay those 2019 PFDs, and that approximately seven cases were already identified. The PFD employee stated that they were not yet assigned the task of identifying or paying any accompanying spouses and

[1] The PFD employee's name is being kept confidential in this Declaration of Counsel due to a fear of retaliatory termination for having confirmed the unconstitutional actions of state officials in this lawsuit. The PFD employee is referred to with the pronoun "they" to preserve their anonymity. This witness is prepared to testify under subpoena to the facts set forth herein.

their dependents denied a PFD for absence with a same sex spouse for years prior to 2019. The PFD employee's reports combined with the information provided to me by Denali Smith created the factual basis for the above-captioned lawsuit.

9. On November 5, 2019, Sean Ireland, PFD Specialist I, emailed me and Ms. Smith stating that her 2019 PFD was scheduled for payment November 21, 2019. Mr. Ireland did not explain the reason for the reversal in eligibility.

10. On November 6, 2019, Ms. Smith spoke to Jerry Stephens by telephone. Ms. Smith described her conversation with Mr. Stephens in the Declaration of Denali Nicole Smith.

11. Mr. Stephens will be called to testify in this matter. Mr. Stephens did not provide a written explanation of the 2019 PFD eligibility reversal, did not guarantee Plaintiff that she would not be denied in the future, did not state that other people that PFD denied in 2019 or prior years for being in same sex marriages were going to be identified or paid. Mr. Stephens said that there was no such notice to explain why the laws that Mr. Stephens, Ms. Lemana, and the written denial notice and email dated September 19, 2019 from Ms. Lemana to Ms. Smith were now not applicable to her and other same sex spouses accompanying military members and students out of state.

12. Following the November 6, 2019 telephone call with Mr. Stephens, Ms. Smith proceeded with the lawsuit due to a belief that the Defendants have violated the law on an ongoing basis as to her and others.

13.     I filed the Complaint in the above-captioned matter on behalf of Smith, and on behalf of others similarly situated, for damages, declaratory and injunctive relief against the state officials responsible for the unconstitutional policy and practice of denying accompanying same sex spouses and their dependents the PFD. The violations of law that have already been documented and justified by state officials based on the lack of legislative action following the injunction suggest that state officials may have violated the rights of same sex couples to marry, to recognition of marriage, and to the benefits of marriage in other contexts.

14.     The evidence thus far known does not suggest that Alaska's denial of Smith's 2019 PFD was "inadvertent," a "mistake" or a technical error, but rather, a stated and ongoing policy and practice of the State of Alaska to continue to discriminate against same sex couples and refuse to recognize their marriages in spite of this court's October 12, 2014 Order in *Hamby*. This evidence was obtained from Denali Nicole Smith, Jerry Stephens, Annie Lemana, and the PFD employee who reported ongoing enforcement of the enjoined statutes to me on September 20, 2019.

15.     It was part of the basis for filing a lawsuit that the State of Alaska annually published its booklet for enforcement, and included the unconstitutional statutes. The booklet was annually updated for five years to continue to include the unconstitutional and enjoined statutes as a basis for denial of PFD to same sex accompanying spouses. Stephens, Lemana, the denial notice, the booklet, and the PFD employee all confirmed

that the unconstitutional statutes were the basis for denial of a PFD to same sex accompanying spouses in 2019. This matter was filed in spite of the state's notification that Smith was deemed eligible for her 2019 PFD because the evidence suggests that state officials named had violated the injunction for five years and would not pay similarly situated persons their PFDs from October 12, 2014 to date or in the future without a lawsuit.

16.     On November 22, 2019, in a press release, without receiving a summons or a reasonable factual basis, AG Kevin Clarkson appears to have admitted that the state continued to enforce the unconstitutional statutes for five years after the injunction, stating that PFD statutory enforcement booklets had not been updated since the injunction. In the press release, Mr. Clarkson made a statement, posted on Twitter and released to local and national news media, that he was "dismayed that Ms. Shortell would submit false factual assertions" and called it a "false lawsuit." He also implied that I had violated my ethical obligation not to present "fraudulent factual assertions" in a document filed with the court. The press release caused articles to be published in multiple local and national news sources including the Anchorage Daily News, New York Times, and aired/published on KTUU, KTVA, NPR, and other news outlets that the lawsuit was a "false lawsuit" and the denial of PFD was "inadvertent." The press release and coverage of it caused an onslaught of discriminatory and hostile comments on Facebook, Twitter, and news publications against Ms. Smith, her wife, and undersigned counsel. Many of the

comments on social media and news outlets included slurs and derogatory statements toward Ms. Smith, her wife, LGBT people, undersigned counsel, and civil rights litigants in general.

17.     Contrary to Attorney General Clarkson's November 22, 2019 press release, there was no false factual assertion in the complaint and it is not a false lawsuit.  Mr. Clarkson's press release was false, defamatory, and was published with an intent and an effect of prejudicing the public, court, and the legal community and to detract attention from state officials' ongoing discriminatory practices against Ms. Smith and others who file civil rights lawsuits against state officials and their counsel.

18.     Because Mr. Clarkson admitted that the Permanent Fund Division has continued to put the unconstitutional statutes in the enforcement booklet for five years after the injunction and admitted that Ms. Smith was denied on the basis of the unconstitutional statutes, he had reason to know that his press release was false, defamatory, and was calculated to prejudice anyone who heard or read about it.

19.     It is an abuse of office for an attorney general to make extrajudicial statements that are false, defamatory, and prejudicial about a private attorney. Mr. Clarkson's statements about me filing a false lawsuit on Twitter and republished on TV, Radio, and national newspapers, are defamatory per se as they allege that I committed a fraud on the court and violated my professional responsibilities.

20.     Based on the facts provided to me by my client and communications and other documentation provided by PFD employees including Jerry Stephens, Annie Lemana, and a PFD Employee who will be called to testify in this action, there is a good faith basis for this lawsuit. The eligibility determination reversal and scheduling of payment of a 2019 PFD to Denali Nicole Smith did not obviate the need to bring the case. On the contrary, since the filing of the lawsuit, I have identified additional persons who have been harmed. The PFD employee told me on November 24, 2019 that any children of accompanying same sex spouses would also have been denied their PFDs under the enjoined statutes and that the state has not directed its staff to identify all PFDs unlawfully denied to accompanying same sex spouses or their dependents prior to 2019. To date, the discriminatory conduct may not be limited to the Permanent Fund Division. Any state officials charged with administering programs that involve the enjoined statutes and have continued enforcing those laws are potential defendants in this matter. They must be identified in the course of discovery and any violations of the injunction enjoined and remedied.

21.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration is filed in support of the Complaint in this action.

//

//

Executed in Anchorage, Alaska this 25th of November 2019.

_____/s/_____
Caitlin Shortell Alaska Bar #0405027