KEVIN G. CLARKSON
ATTORNEY GENERAL

Rebecca H. Cain (Alaska Bar No. 9811056)
Chief Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-6600
Facsimile: (907) 276-3697
Email: rebecca.cain@alaska.gov

Attorney for defendants Michael J. Dunleavy, Governor of the State of Alaska, Kevin G. Clarkson, Attorney General for the State of Alaska, Bruce Tangeman, Commissioner, Department of Revenue and Anne Weske, Director of the Permanent Fund Dividend Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENALI NICHOL SMITH, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL DUNLEAVY, in his official capacity of Governor of the State of Alaska, Kevin Clarkson, in his official capacity as Attorney General of the State of Alaska, Bruce Tangeman, in his official capacity as Commissioner of the State of Alaska, Department of Revenue, Anne Weske, in her official capacity as Director of the Permanent Fund Division, State of Alaska, Department of Revenue,<br><br>Defendants. | Case No. 3:19-cv-00298-HRH<br><br>**DEFENDANTS' ANSWER** |

Defendants, Michael J. Dunleavy, Kevin G. Clarkson, Bruce Tangeman, and Anne Weske, by and through the Office of the Attorney General, answer the complaint in this action as follows:

## I. INTRODUCTION

1. Admit that Michael Dunleavy is the Governor of Alaska, Kevin Clarkson is the Attorney General for the State of Alaska, Bruce Tangeman is the Commissioner of the Alaska Department of Revenue, and that Anne Weske is the Division Director of the Permanent Fund Division of the State of Alaska. The remaining allegations in this paragraph contains only legal conclusions for which no response is required.

2. Defendants lack sufficient knowledge and information from which to admit or deny the allegations of this paragraph, and therefore deny the same.

3. Defendants lack sufficient knowledge and information from which to admit or deny the allegations of the first sentence of this paragraph, and therefore deny the same. This Court's injunction in *Hamby v. Parnell*, case no. 3:14-cv-00089-TMB, 56 F.Supp.3d 1056 (D. Alaska 2014) speaks for itself.

4. Denied.

5. Denied.

## II. JURISDICTION

6. Admit that the United States District Court had jurisdiction over claims raising federal questions.

7. Defendants lack sufficient knowledge and information from which to admit or deny the allegations of this paragraph, and therefore deny the same.

8. Admit that Defendants are residents of the State of Alaska and perform official duties in Alaska. Any remaining allegations in this paragraph are legal conclusions to which no response is required.

9. Admit venue is proper in the District of Alaska.

10. Admit that the court generally has the authority to enter declaratory judgments and injunctive relief. Deny that declaratory or injunctive relief is proper in this matter.

11. This paragraph characterizes the complaint; the complaint speaks for itself. To the extent that this paragraph alleges defendants' conduct was unlawful, it is denied.

12. Defendants lack sufficient knowledge and information from which to admit or deny the allegations of this paragraph, and therefore deny the same.

## III. PARTIES

### A. Plaintiff

13. Defendants lack sufficient knowledge and information from which to admit or deny the allegations of this paragraph, and therefore deny the same.

14. Defendants lack sufficient knowledge and information from which to admit or deny the allegations of this paragraph, and therefore deny the same.

15. Defendants lack sufficient knowledge and information from which to admit or deny the allegations of this paragraph, and therefore deny the same.

16. Admit that plaintiff filed a 2019 Permanent Fund Dividend application. Admit that plaintiff sought an allowable absence under AS 43.23.008 in her 2019

application. Admit that the Permanent Fund Division issued an initial written denial to plaintiff in August 2019 denying her request for an allowable absence and citing AS 25.05.013. However, the Permanent Fund Division subsequently corrected that denial. On November 5, 2019, the Permanent Fund Dividend Division sent an email to plaintiff and her counsel confirming that her 2019 Permanent Fund Dividend was approved and that "your 2019 PFD is scheduled for payment on November 21st." (Exhibit 1)

Thus, two weeks prior to the filing of this complaint, the Permanent Fund Division provided written confirmation to plaintiff and her counsel that Plaintiff's 2019 Dividend was approved and payment would be made to plaintiff in the next payment cycle. Any remaining factual allegations in this paragraph are denied.

**B.    Defendants**

17.    Admit that Michael Dunleavy is the Governor of the State of Alaska. Admit that as Governor, Michael Dunleavy is head of the executive branch of government which is generally responsible for enforcing the laws of the State of Alaska. Any remaining allegations in this paragraph are legal conclusions for which no further response is required.

18.    Admit that Kevin Clarkson is the Attorney General of the State of Alaska. Admit that the Attorney General is the head of the Department of Law for the State of Alaska. Admit that the Department of Law represents executive branch agencies and defends agencies and the State of Alaska in court actions in Alaska and in other places,

including participation in amicus briefing. Any remaining factual allegations in this paragraph are denied.

19. Admit that Bruce Tangeman is the Commission of the Department of Revenue for the State of Alaska. Admit that he was appointed to that position by the Governor. Admit that the Department of Revenue is a department within the executive branch of the State of Alaska and that the Department of Revenue includes the Division of the Permanent Fund Dividend. Admit that the Division of the Permanent Fund Dividend is generally charged with reviewing applications for permanent fund dividends and determining eligibility for dividends. Any remaining factual allegations in this paragraph are denied.

20. Admit that Anne Weske is Director of the Division of the Permanent Fund Dividend within the Department of Revenue. Admit that as Director she oversees the activities of the Division. Any remaining allegations in this paragraph are denied.

21. Denied.

22. Denied.

## IV. STATEMENT OF FACTS

23. Defendants admit that this paragraph accurately quotes the Alaska Constitution, article I, § 25. The language of Article 1, § 25 speaks for itself.

24. Admit that article 1 of chapter 5 of Title 25 of the Alaska Statutes contains sections which explicitly limit who may enter into civil marriage contracts. Admit that

prior to the passage of these sections there were no similar statutory provisions limiting civil marriage contracts to contracts between people of opposite sexes.

25. Defendants admit that this paragraph accurately quotes AS 25.05.011. The language of AS 25.05.011 speaks for itself.

26. Defendants admit that this paragraph accurately quotes AS 25.05.013.The language of AS 25.05.013 speaks for itself.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Defendants admit that this Court's decision in *Hamby v. Parnell*, 56 F.Supp.3d 1056 (D.Alaska 2014) was issued on October 12, 2014. That decision speaks for itself. To the extent that this paragraph alleges defendants' conduct was unlawful, it is denied.

34. Defendants admit that on June 26, 2015, the Supreme Court of the United States issued its decision in *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015). That decision speaks for itself. To the extent that this paragraph alleges defendants' conduct was unlawful, it is denied.

35. Denied.

*Smith v. Dunleavy et. al.*                                                         Case No. 3:19-cv-00298-HRH
Answer                                                                                 Page 6 of 11

## V. CAUSES OF ACTION

First Cause of Action

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Against All Defendants

36. Defendants incorporate by reference all of their responses listed in the paragraphs above.

37. This paragraph characterizes the purpose of the complaint, which speaks for itself. To the extent that this paragraph alleges defendants' conduct was unlawful, it is denied.

38. The defendants admit that paragraph 38 accurately quotes the Fourteenth Amendment to the United States Constitution. To the extent that this paragraph alleges defendants' conduct was unlawful, it is denied.

39. This paragraph states a legal conclusion to which no response is required. To the extent that this paragraph alleges defendants' conduct was unlawful, it is denied.

40. This paragraph states a legal conclusion to which no response is required. To the extent that this paragraph alleges defendants' conduct was unlawful, it is denied.

41. The first sentence of this paragraph states a legal conclusion to which no response is required. The remaining allegations of paragraph 41 are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Defendants deny that they are continuing to enforce any marriage laws that this court or that the United States Supreme Court has held to violate any fundamental right.

47. Denied.

48. Denied. Defendants are not continuing to enforce any marriage laws that this court or that the United States Supreme Court has held to violate any fundamental right. All denial notices issued by the Permanent Fund Dividend Division to individuals denied a dividend for any reason also inform those individuals how to seek administrative review from the Division.

49. Denied.

## SECOND CAUSE OF ACTION

Against All Defendants

50. Defendants incorporate by reference all of their responses listed in the paragraphs above.

51. This paragraph characterizes the purpose of the complaint, which speaks for itself. To the extent that this paragraph alleges defendants' conduct was unlawful, it is denied.

52. The defendants admit that paragraph 52 accurately quotes the Fourteenth Amendment to the United States Constitution. To the extent that this paragraph alleges defendants' conduct was unlawful, it is denied.

53. Defendants deny that they are continuing to enforce any marriage laws that this court or that the United States Supreme Court has held to violate any fundamental right. The remaining portions of this paragraph state only legal conclusions to which no response is required.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendants lack sufficient knowledge and information from which to admit or deny the allegations of this paragraph, and therefore deny the same.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## AFFIRMATIVE DEFENSES

1. The complaint and each cause of action contained therein fails to state a claim for which relief can be granted.

2. Plaintiff has failed to exhaust her administrative remedies.

3. Plaintiff has failed to file her claim within the applicable statute of limitations.

4. Plaintiff's claims are barred by the doctrines of estoppel, laches, or waiver.

5. Plaintiff's claims for relief may also be barred by the State of Alaska's Eleventh Amendment or sovereign immunity found in AS 09.50.250.

6. The complaint is barred to the extent plaintiff alleges any claim for damages under 42 U.S.C. § 1983 against the State of Alaska, because the State is not a "person" within the meaning of that statute.

7. The complaint is barred to the extent plaintiff alleges a claim for damages under 42 U.S.C. § 1983 against the state official defendants in their official capacity, because it is essentially a suit against the state.

8. The State reserves the right to assert additional defenses and other matters as the case proceeds.

The State of Alaska seeks the following relief:

1. That the complaint be dismissed in its entirety with prejudice.

2. That the plaintiffs' prayer for relief be denied.

3. That the State be awarded its costs and fees in the action.

4. That the Court award the State such other relief as may be just and equitable under the circumstances.

DATED: November 25, 2019.

KEVIN G. CLARKSON
ATTORNEY GENERAL

By: /s/Rebecca H. Cain
Rebecca H. Cain

*Smith v. Dunleavy et. al.*  Case No. 3:19-cv-00298-HRH
Answer  Page 10 of 11

Case 3:19-cv-00298-HRH   Document 8   Filed 11/25/19   Page 10 of 11

Chief Assistant Attorney General
Alaska Bar No. 9811056
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6600
Facsimile: (907) 276-3697
Email: rebecca.cain@alaska.gov
Attorney for Defendants

Certificate of Service
I certify that on November 25, 2019 the foregoing **Answer** was served electronically on:

Caitlin Shortell
911 W. 8th Avenue, Suite 204
Anchorage, AK 99501
cs.sgalaw@gmail.com

Heather Gardner
4141 B Street, Suite 410
Anchorage, AK 99503
hgardnerlaw@gmail.com

/s/Cassidy R. White
Cassidy R. White, Law Office Assistant II