SHORTELL LAW LLC
Caitlin Shortell ABA # 0401025
911 W. 8th Avenue, Suite 204
Anchorage, Alaska 99501
Telephone: (907) 272-8181
Facsimile: 1 (888)
cs.sgalaw@gmail.com

Heather Gardner ABA # 0111079
4141 B Street, Suite 410
Anchorage, Alaska 99503
Telephone: (907) 375-8776
Facsimile: 1 (888) 526-6608
hgardnerlaw@gmail.com

Counsel for Denali Nicole Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DENALI NICOLE SMITH,

                  Plaintiff,

  vs.

MICHAEL DUNLEAVY, in his official capacity of Governor of the State of Alaska, KEVIN CLARKSON, in his official capacity as Attorney General of the State of Alaska, BRUCE TANGEMAN, in his official capacity as Commissioner of the State of Alaska, Department of Revenue, ANNE WESKE, in her official capacity as Director of the Permanent Fund Division, State of Alaska, Department of Revenue,

                  Defendants.

Case No. 3:19-cv-00298-HRH
Scheduling and Planning Conference Report Pursuant to Civil Form 26(f)

## SCHEDULING AND PLANNING CONFERENCE REPORT

**I.      Meeting.**

In accordance with Rules 16(a) and 26(f), Federal Rules of Civil Procedure, and with Local Civil Rules 16.1 and 26.1(b), the parties conferred on December 16, 2019 and December 17, 2019; the following persons participated: Caitlin Shortell for Denali Nicole Smith and Rebecca Cain for Governor Dunleavy, Attorney General Clarkson, Commissioner Tangeman, and Director Anne Weske. The parties recommend the following:

**II.     Discovery Plan.**

   **A.   Timing, Form and Disclosure Requirements**. Please refer to Rule 26(f)(3)(A), Federal Rules of Civil Procedure.  Are there changes that the parties are proposing to that rule for this case under Rule 26(a)?

   Yes __  No _X_

   **B.     Initial Disclosures / Preliminary Witness Lists.**

   1.  The information required by Rule 26(a)(1), Federal Rules of Civil Procedure:

      (a) __   Has been exchanged by the parties.

      (b) _X_  Will be exchanged by the parties on or before February 18, 2020.

2. Preliminary witness lists:

   (a) __ Have been exchanged by the parties.

   (b) _X_ Will be exchanged by the parties on or before March 23, 2019.

3. Disclosure Statement. The disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure:

   (a) __ Have been complied with.

   (b) __ Compliance will be accomplished on or before

   (c) _X_ Rule 7.1 is not applicable.

**C. Subjects and Timing of Discovery**. *See* Rule 26(f)(3)(B), Federal Rules of Civil Procedure.

1. List the subjects on which discovery may be needed:

Counsel for Plaintiff and Defendants did not agree as to all the subjects for discovery and will take this up at the conference.

2. Should discovery be conducted in phases or limited to or focused on particular issues? Yes __ No _X_

3. Absent good cause, the proposed <u>date for completion of all discovery</u> should be no later than **twelve months** from the date of this report.

*SMITH V. DUNLEAVY ET AL.*
CASE NO.: 3:19-cv- 00298-HRH
CIVIL FORM 26(F)

3

Case 3:19-cv-00298-HRH   Document 12   Filed 12/20/19   Page 3 of 10

4. **Final Discovery Witness List.** A final discovery witness list disclosing all lay witnesses whom a party may wish to call at trial shall be served and filed on October 23, 2020.

5. **Close of Fact Discovery.** Fact discovery will be completed on or before December 16, 2020.

6. **Expert Discovery**. *See* Rule 26(a)(2), Federal Rules of Civil Procedure.

    Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

    By plaintiff on or before September 15, 2020, and by defendant(s) on or before October 15, 2020.

    Rebuttal reports on or before 30 days from the service of the report being rebutted.

    Expert witness discovery (include depositions) shall be completed by: December 16, 2020.

**D. Preserving Discovery and Electronically Stored Information (ESI)**

1. Are there issues about the disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced? *See* Rule 26(f)(3)(C), Federal Rules of Civil Procedure.

    Yes __  No X

2. Please state how ESI should be produced: To the extent possible, electronically stored information will be provided in its native format.

3. Are there issues with preserving non-ESI discovery?

   Yes ⎯  No X

E. **Claims of Privilege or Protection of Attorney Work Product**

   *See* Rule 26(f)(3)(D), Federal Rules of Civil Procedure.

   1. ⎯  There is no indication that this will be an issue.

   2. ⎯  The parties have entered into a confidentiality agreement.

   3. X  The parties will file their proposed confidentiality agreement on or before March 16, 2020.

F. **Limitations on Discovery.**  *See* Rule 26(f)(3)(E), Federal Rules of Civil Procedure.

   1. X  The limitations contained in Rules 26(b), 30, and 33, Federal Rules of Civil Procedure, and in Local Civil Rules 30.1 and 36.1, will apply except as indicated below.

2. __ The maximum number of depositions by each party will not be limited.

   (a) __ Depositions will not exceed [number] hours as to any deponent.

   (b) __ Depositions will not exceed [number] hours as to non-party deponents.

   (c) __ Depositions will not exceed [number] hours as to party deponents.

3. __ The maximum number of interrogatories posed by each party will not exceed [number].

4. __ The maximum number of requests for admissions posed by each party will not exceed [number].

5. __ Other limitations: ***none.***

**G. Supplementation of Disclosures and Discovery Responses.** Please refer to Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure. Do the parties request that the Court enter an order that is different from these rules (*e.g.* supplementation at 30-day intervals)?

Yes __  No _X_  *[If yes, explain: ]*

### III. Pretrial Motions.

**A.** Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days?

Yes __ No _X_ *[If yes, explain: ]*

**B.** Motions must be served and filed within the times specified in applicable rules. Complete the following only if the parties are proposing deadline(s) that are different from the applicable rules:

1. Motions to amend pleadings or add parties will be filed not later than 60 days from the date of the Pretrial Scheduling Order . Thereafter, a party must seek leave of the Court to modify this deadline. *See* Rule 16(b)(3)(A) and (4), Federal Rules of Civil Procedure.

2. Motions under the discovery rules will be filed not later than December 2, 2020.

3. Dispositive motions (including motions for summary judgment) will be filed not later than November 16, 2020.

4. Motions to exclude expert testimony shall be filed and served not later than November 16, 2010*.*

### IV. Trial.

**A**. The case is expected to take 10 days to try.

**B**. Has a jury trial been demanded? Yes __ No _X_

    **C**. Is the right to jury trial disputed?  Yes __  No _X_

    **D**. The parties do not request the scheduling of a trial date at this time.[1]

        1. If a trial date is requested at this time, the parties' report shall include a minimum of three alternative dates for the start of the trial, at least two of which are _5 to 7 months_ from the close of all discovery.

        2. If a trial date is not established at this time, the court will call upon the parties to certify that the case is ready for trial as provided in Local Civil Rule 40.1(b).

**V**. **Other Provisions.**

    **A. Court Conference.**  The parties do request a conference with the court before entry of a scheduling order.

    **B. Consent to Proceed before a Magistrate Judge.**

    The parties do not consent to trial before a magistrate judge.

---

[1] The decision of whether to establish a trial date at this stage of the proceedings rests with the discretion of the assigned judge.  Counsel and self-represented parties are advised to contact the assigned judge's Data Quality Analyst (DQA) to determine the judge's practice for establishing a trial date.

**C. Early Settlement / Alternative Dispute Resolution.**

1. Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?

   Yes __ No _X_ *[If yes, explain: ]*

2. Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?

   Yes __ No _X_

**D. Related Cases.** Are the parties aware of any related cases as defined by Local Civil Rule 16.1(e)? Yes __ No _X_ *[If yes, describe: ]*

**VI. Report Form.**

**A.** Have the parties experienced a problem in using this form?

Yes __ No _X_ *[If yes, explain: ]*

**B.** Are there additional subjects that the parties would propose to add to this form? Yes __ No _X_ *[If yes, explain: ]*

DATED: December 20, 2019 at Anchorage, Alaska.

By: _____/s/_____
Caitlin Shortell #0405027
Counsel for Plaintiff

By: _____/s/_____
Heather Gardner #0111079
Counsel for Plaintiff

By: _____/s/_____
Rebecca Cain # 9811056
Chief Assistant Attorney General
Counsel for Defendants

Certificate of Service

I, Caitlin Shortell, certify that on December 20, 2020, I filed the foregoing on the Court's electronic filing system, which sent an electronic NEF to all parties, and that all parties are users.

_____/s/_____
Caitlin Shortell