SHORTELL LAW LLC
Caitlin Shortell ABA # 0401025
911 W. 8th Avenue, Suite 204
Anchorage, Alaska 99501
Telephone: (907) 272-8181
Facsimile: 1 (888) 979-6148
cs.sgalaw@gmail.com

Heather Gardner ABA # 0111079
645 G Street, Suite 100-754
Anchorage, Alaska 99501
Telephone: (907) 375-8776
Facsimile: 1 (888) 526-6608
hgardnerlaw@gmail.com

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENALI NICOLE SMITH, on behalf of herself and others similarly situated, MEGAN E. HODGE, on behalf of herself and on behalf of her minor children, I.H. and B.H., and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL DUNLEAVY, in his official capacity of Governor of the State of Alaska, KEVIN CLARKSON, in his official capacity as Attorney General of the State of Alaska, MIKE BARNHILL, in his official capacity as Interim Commissioner of the State of Alaska, Department of Revenue, ANNE WESKE, in her official capacity as Director of the Permanent Fund Division, State of Alaska, Department of Revenue,<br><br>Defendants. | Case No. 3:19-cv-00298 HRH<br>MOTION FOR LEAVE TO AMEND COMPLAINT |

Plaintiffs, by and through counsel, now move for leave to amend the Complaint to 1) add three plaintiffs, 2) change the name of the now resigned Commissioner of Revenue to the Interim Commissioner of Revenue Mike Barnhill, and 3) to articulate the remedies requested with greater specificity.[1]

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." After an answer has been filed, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). The Ninth Circuit Court of Appeals has held that "Rule 15′s policy favoring amendments is applied liberally by us." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Here, amendment is not in bad faith, is not futile, would not create undue delay, nor will amendment of the complaint prejudice Defendants.

In the absence of a justifying reason, the court's discretion does not broadly permit denial of leave to amend. In this matter, good cause exists for leave to amend to be granted, and no justification exists for denial. Defendants will not be prejudiced if an amendment is allowed at this early stage of the proceedings. Discovery has not begun. There are no factors present that would warrant exercise of the court's discretion to deny

---

[1] Counsel contacted Defendants through their counsel on January 9, 2020, to obtain Defendant's position on the instant motion; Defendants' counsel indicated that the instant motion is opposed.

*Smith v. Dunleavy et al.*
Case No.: 3:19-cv-00298 HRH
Motion for Leave to Amend Complaint

2

Case 3:19-cv-00298-HRH   Document 15   Filed 01/11/20   Page 2 of 3

leave to amend. Accordingly, Plaintiffs request that the court grant to Motion for Leave to Amend the Complaint and accept the First Amended Complaint as filed.

RESPECTFULLY SUBMITTED this 11th day of January 2020 at Anchorage, Alaska.

By: _____/s/_____
Caitlin Shortell #0405027

By: _____/s/_____
Heather Gardner #0111079

**CERTIFICATE OF SERVICE**

This certifies that on this 11th day of January, 2020, a copy of the foregoing document was served via electronic service upon:

Rebecca Cain
State of Alaska, Office of the Attorney General
1031 W. 4th Avenue Suite 200
Anchorage, AK 99501

Attorney for Defendants


/s/ Heather Gardner

*Smith v. Dunleavy et al.*
Case No.: 3:19-cv-00298 HRH
Motion for Leave to Amend Complaint

3

Case 3:19-cv-00298-HRH   Document 15   Filed 01/11/20   Page 3 of 3