SHORTELL LAW LLC
Caitlin Shortell ABA # 0401025
911 W. 8th Avenue, Suite 204
Anchorage, Alaska 99501
Telephone: (907) 272-8181
Facsimile: 1 (888) 979-6148
cs.sgalaw@gmail.com

Heather Gardner ABA # 0111079
645 G Street, Suite 100-754
Anchorage, Alaska 99501
Telephone: (907) 375-8776
Facsimile: 1 (888) 526-6608
hgardnerlaw@gmail.com

Counsel for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

DENALI NICOLE SMITH, on behalf of herself and others similarly situated, MEGAN E. HODGE, on behalf of herself and on behalf of her minor children, I.H. and B.H., and others similarly situated,

                        Plaintiffs,

    vs.

MICHAEL DUNLEAVY, in his official capacity of Governor of the State of Alaska, KEVIN CLARKSON, in his official capacity as Attorney General of the State of Alaska, MIKE BARNHILL, in his official capacity as Interim Commissioner of the State of Alaska, Department of Revenue, ANNE WESKE, in her official capacity as Director of the Permanent Fund Division, State of Alaska, Department of Revenue,

                    Defendants.      Case No. 3:19-cv-00298 HRH

### FIRST AMENDED COMPLAINT

## I.     INTRODUCTION

Plaintiffs, as set forth above, and on behalf of others similarly situated, hereby complain and allege as follows:

1.     This is an action brought under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-02 for damages, declaratory, and injunctive relief against the Governor of the State of Alaska, Michael Dunleavy; the Attorney General of the State of Alaska, Kevin Clarkson; the Commissioner of the Alaska Department of Revenue, Mike Barnhill; and the Director of the State of Alaska, Department of Revenue, Permanent Fund Division, Anne Weske.

2.     This is also an action to restore and affirm the civil liberties, individual rights, and equal protection under the law otherwise guaranteed by the Alaska Constitution, United States constitution, and Alaska law to each and all of its citizens.

3.     Plaintiffs bring this action to stop the state from its unlawful enforcement of previously enjoined statutes, which excluded same-sex couples from marriage and prevented the State of Alaska from recognizing same-sex marriages. In *Hamby v. Parnell*, Case No. 3:14-cv-00089-TMB, 56 F.Supp.3d 1056 (D. Alaska 2014), this court declared that the referenced Alaska Statutes violate the equal protection and due process rights of Plaintiffs guaranteed by the United States Constitution and entered an injunction 1) barring Defendants from enforcing Alaska Stat. §§ 25.05.011-.013 and other statutes violating Plaintiff's right to equal protection and due process, 2) requiring Defendants to authorize and issue marriage licenses to unmarried Plaintiff and all those similarly

situated and 3) to extend legal recognition under state law to the existing marriages of Plaintiffs lawfully married elsewhere and all those similarly situated.

4.     After the court issued the order of declaratory relief and a permanent injunction, the State of Alaska continued to enforce the referenced statutes, explicitly denying Plaintiffs, and other Alaska residents who were accompanying same sex spouses or children of Alaska residents in military service/students outside the state their permanent fund dividends on the basis of Alaska Stat. §§ 25.05.011-.013.  Specifically, as to Plaintiff Denali Smith, the State of Alaska denied Plaintiff's eligibility for the 2019 Permanent Fund Dividend (hereinafter "PFD") because she is a woman married to a woman who is a member of the Armed Forces of the United States who would, if married to a male member of the Armed Forces of the United States, be categorically eligible for the 2019 PFD.

5.     Specifically, as to Plaintiff Megan E. Hodge, the State of Alaska denied Plaintiff's eligibility for the 2019 PFD because she is a woman married to a woman who is a member of the Armed Forces of the United States who would, if married to a male member of the Armed Forces of the United States, be categorically eligible for the 2019 PFD.

6.     Specifically, as to Plaintiffs I.H. and B.H., both minor children, the State of Alaska denied eligibility for their PFDs on June 14, 2019, because Plaintiff Megan Hodge, who is their legal mother married to their other legal mother, sponsored them for

their PFDs, and the State of Alaska found them ineligible for PFD on the basis of illegally finding her ineligible. The State of Alaska only reversed its decision as to Plaintiffs I.H. and B.H. on December 19, 2019, and has neither refunded appeal fees, explained the reversal, nor provided any assurance that the children would not be held to be ineligible for the same illegal reason next year.[1]

7. On information and belief, Plaintiffs are not the only persons against whom the State of Alaska has applied, and/or enforced, statutes that it was permanently enjoined from enforcing under the explicit order of this court in *Hamby v. Parnell*, and that are also unenforceable as violative of Plaintiffs' and similarly situated persons' rights to due process and equal protection under the law as established by subsequent case law. The State of Alaska, through policies administered by its officials, denied accompanying spouses and dependents of military members and students the PFD based on the enjoined statutes from before October 12, 2014 to the present. It is unknown at the time of filing whether the State of Alaska, through policies set and administered by state officials including the Governor, Attorney General, and other state officials and employees, denied persons marriage licenses, retirement and health benefits, and other benefits of marriage in addition to the PFD based on the enjoined statutes.

---

[1] Plaintiffs B.H. and I.H. are herein referred to by their initials in order to preserve their privacy as minors. Their full identity is known to Defendants as the minor children of Plaintiff Megan Hodge and will be disclosed under seal to the court and Defendants if required by the court.

## II. JURISDICTION

8.     The U.S. District Court for the District of Alaska has jurisdiction over this matter under 28 U.S.C. §1331 and §1343 because it raises a federal question under 42 U.S.C. §1983 and under the Fourteenth Amendment to the United States Constitution.

9.     At all times relevant, all Plaintiffs named were and are legal residents of Alaska, within the jurisdiction of the United States District Court for the District of Alaska.

10.     At all times relevant, Defendants were Alaska residents performing their official duties under color of state law as elected or appointed officials of the State of Alaska.

11.     Venue is appropriate in the District of Alaska under 28 U.S.C. §1391(b) because the Defendants perform their official duties, including those complained of herein, within the District's geographical boundaries.

12.     This court has authority to enter a declaratory judgment and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§2201 -02.

13.     Plaintiffs, on behalf of themselves, the minor children named above, and others similarly situated, bring this action pursuant to 42 U.S.C. §1983, 28 U.S.C. §1331 and §1343 for damages, declaratory and injunctive relief against Defendants, and for attorney's fees pursuant to 42 U.S.C. § 1988.

14. Specifically, Plaintiffs seek a judgment:

A. Declaring that denial of a PFD to an accompanying same sex spouse or child under the Alaska laws barring recognition of marriages of Plaintiff same sex couples, including Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law that deny recognition to and/or void the marriages of the Plaintiffs and all those similarly situated, violates Plaintiffs' rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

B. Permanently enjoining denial of a PFD to an accompanying same sex spouse and/or dependents via enforcement by Defendants of Article 1, Section 25 of the Alaska Constitution, Alaska Stat. § 25.05.011-.013, and any other sources of state law to deny or refuse recognition of and/or void the marriages of the married Plaintiffs and all others similarly situated;

C. Requiring Defendants in their official capacities to permit the issuance of PFD to Plaintiffs and all those similarly situated who are accompanying same sex spouses and/or dependents of a military member Alaska resident stationed out of state or a student Alaska resident studying out of state, pursuant to the same restrictions and limitations applicable to opposite sex couples, and to recognize the marriages validly entered into by Plaintiffs and all those similarly situated;

D. Requiring Defendants to identify the names, addresses, telephone numbers,

and email addresses of all individuals the State of Alaska denied the PFD from 2014 to the present based on Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law banning same sex marriage or the recognition of same sex marriage, or excluding same sex married couples from the benefits of marriage;

E.     Requiring Defendants to pay any and all individuals PFDs, plus interest, to any individuals who were denied a PFD from 2014 to the present based on Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law banning same sex marriage, recognition of same sex marriage, or excluding same sex married couples from the benefits of marriage;

F.     Requiring Defendants to pay Plaintiffs their 2019 PFDs, applicable interest, costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. §1988;

G.     Requiring Defendants Dunleavy and Clarkson to identify the names, addresses, telephone numbers, and email addresses of any and all persons that have been denied issuance of a marriage license, retirement and health benefits, or other benefits of marriage based upon the enjoined statutes since the date of the permanent injunction;

H.     Requiring Defendants Dunleavy and Clarkson to identify the names, addresses, telephone numbers, and email addresses of any additional Defendants who have, in their official capacities as officers, agents, or employees of the State of Alaska, denied any persons marriage license, retirement and health benefits, or other benefits of

marriage based upon the enjoined statutes since the date of the permanent injunction in *Hamby v. Parnell*;

I.  Requiring the Defendants named, and any others named through identification as set forth above, to pay all benefits that were owed to Plaintiffs and others similarly situated, but not paid as a result of Defendants' or predecessors' illegal enforcement of the enjoined statutes since 2014.

J.  Granting such other and further relief as the Court deems just and proper.

K.  The declaratory and injunctive relief requested in this action is sought against each Defendant, and all of them; and each Defendant's officers, employees, and agents, and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control, whether direct or indirect.

### III. PARTIES

### A. Plaintiffs

15.  Plaintiff DENALI NICOLE SMITH is a resident of the State of Alaska. Denali was born and raised in Anchorage. Denali was recruited to play college softball in California in 2014 and went to college in California in 2014.

16.  In 2016, Denali returned to Anchorage and resided there. Denali is registered to vote in Anchorage, Alaska, and has never been registered to vote in any other jurisdiction.

17.    In 2018, Denali married Miranda Murphy, an Alaska resident who is a member of the United States Armed Forces stationed in Jacksonville, Florida. After marriage, Denali moved to Jacksonville, Florida to accompany Miranda at her station.

18.    Denali applied for and was denied her 2019 PFD in a written notice on the basis of Alaska Stat. §§ 25.05.011-.013, because she was accompanying her same military member sex spouse. PFD Division representatives also verbally explained to Denali that if she were married to a man, she would not be denied her PFD. Although Denali and Miranda were legally married in Florida on May 14, 2018, the State of Alaska denied her eligibility for the 2019 PFD on the explicit basis that the referenced Alaska Statutes prohibited recognition of their marriage or payment of the PFD to an accompanying spouse of a military member in a same sex marriage.

19.    Plaintiff MEGAN HODGE is a disabled veteran of the U.S. Armed Forces. She served as a chaplain in the U.S. Army, including 27 months in combat. In June 2015, she and her wife made Alaska their home and purchased a home in the Anchorage area. Her wife served in the United States Army, and continues to so serve in the U.S. Army now.

20.    In August 2016, Plaintiff Hodge and her wife welcomed twins, I.H. and B.H. to their family, at Elmendorf Hospital.

21.    Plaintiff Hodge, her wife, and their minor children I.H. and B.H. all received PFDs in 2018.

22.     In August 2018, Plaintiff Hodge and their children accompanied her military spouse on military orders to Oklahoma. Her wife was sent to Arkansas on orders in August 2019.  Both Plaintiff Hodge and her wife maintained, and continue to maintain, Alaska driver's licenses, vehicle registrations, and voter registrations, and by other required means manifested their intent to return to Alaska permanently when not on military orders and to make Alaska their permanent home.

23.     In early 2019, Plaintiff Hodge applied for the 2019 PFD and applied for her children's PFDs as their parental sponsor. All were denied. Plaintiff Megan Hodge was denied her 2019 PFD in a written notice on the basis of Alaska Stat. §§ 25.05.011-.013, because she was accompanying her same military member sex spouse. PFD Division representatives also verbally explained to her that there was no recourse to this decision. Plaintiffs I.H. and B.H. were denied the 2019 PFD on the basis that their sponsoring parent, Plaintiff Megan Hodge, was not eligible for a PFD and could not sponsor them.

**B. Defendants**

24.     Defendant MICHAEL DUNLEAVY is the Governor of the State of Alaska. As governor, he is ultimately responsible for the execution of the laws of the State of Alaska, including Alaska Stat. §§ 25.05.011-.013, and other statutes, regulations, and policies that exclude same sex couples from marrying in Alaska or having their lawful marriages recognized under Alaska law. He is sued in his official capacity.

25.     Defendant KEVIN CLARKSON is the Attorney General of the State of Alaska. As Attorney General he represents the State of Alaska and its executive branch agencies via the Alaska Department of Law. The Attorney General also defends state policy and actions in courts in Alaska and elsewhere, including filing amicus briefs in against equal protection and due process for LGBT people. He is sued in his official capacity.

26.     Defendant MIKE BARNHILL is the Interim Commissioner of the Alaska Department of Revenue. He was appointed by the governor to oversee the executive branch agency that includes the Division of the Permanent Fund Dividend, the agency authorized to determine eligibility and issue PFDs in Alaska. He is sued in his official capacity.

27.     Defendant ANNE WESKE is the Director of the Division of the Permanent Fund of the Alaska Department of Revenue. She is responsible for setting policy on eligibility determinations and issuance of the Permanent Fund Dividend. She is sued in her official capacity.

28.     Defendants, through their respective duties and obligations, are responsible for enforcement of permanently enjoined Alaska laws that bar same sex couples from marrying in Alaska, deny recognition of the valid out of state marriages of same sex couples, and denying the benefits of marriage, to Alaska residents.

29.     Each Defendant has caused the harm alleged herein, and will continue to harm Plaintiffs and those similarly situated unless enjoined. Therefore, the relief sought is against all Defendants, as well as their designees, officers, employees and agents.

## IV. STATEMENT OF FACTS

30.     Article 1, § 25 of the Alaska Constitution, adopted in 1998, barred the state from recognizing or treating as valid any same sex marriage, as follows:

*§ 25. Marriage*

*To be valid or recognized in this State, a marriage may exist only between one man and one woman. Alaska Const. Art. 1 Sec. 25.*

31.     Title 25 of Alaska Statutes explicitly defines marriage as limited to opposite sex couples under state law. Prior to 1996, Alaska law did not define marriage as a contract between opposite sex persons, and did not explicitly prohibit the issuance of a marriage license to same sex couples.

32.     Alaska Statute § 25.05.011 was amended in 1996 and provides as follows:

*Sec. 25.05.011. Civil contract.*

*(a) Marriage is a civil contract entered into by one man and one woman that requires both a license and solemnization. The man and the woman must each be at least one of the following:*

*(1) 18 years of age or older and otherwise capable;*

*(2) qualified for a license under Alaska Stat. § 25.05.171; or*

*(3) a member of the armed forces of the United States while on*

*active duty.*

*(b) A person may not be joined in marriage in this state until a*

*license has been obtained for that purpose as provided in this chapter. A*

*marriage performed in this state is not valid without solemnization as*

*provided in this chapter.*

33.     From 1996, Alaska law also explicitly barred the recognition by the state of valid same sex marriages and voids same sex marriages lawfully entered into elsewhere. Alaska Stat. § 25.05.013, enacted as a new law in 1996, provides as follows:

*Sec. 25.05.013. Same-sex marriages.*

*(a) A marriage entered into by persons of the same sex, either*

*under common law or under statute, that is recognized by another state*

*or foreign jurisdiction is void in this state, and contractual rights granted*

*by virtue of the marriage, including its termination, are unenforceable in*

*this state.*

*(b) A same-sex relationship may not be recognized by the state as*

*being entitled to the benefits of marriage.*

34.     The United States government and the State of Alaska recognizes Plaintiffs' marriages for purposes of taxation, veteran's benefits, and other federal programs. It also recognizes the legal relationship between same sex spouses and their

children. But the State of Alaska has continued to treat them as a legal stranger to their spouses (With regard to Plaintiffs Smith and Hodge and others similarly situated) and parents (With regard to minor dependent Plaintiffs and others similarly situated) by denying them PFDs based on permanently enjoined Alaska Statutes. On information and belief, the State of Alaska has denied other same sex accompanying spouses of military members and students and the children of such accompanying spouses stationed out of state their PFDs based on the unconstitutional, enjoined Alaska Statutes.

35. Five years after this court issued a permanent injunction from enforcement of the statutes, the State does not recognize the lawful marriages of same sex couples, declares their marriages void under Alaska law, and does not recognize the relationship between legal parents and children born to same sex couples.

36. Plaintiffs are lawfully married under the laws of sister states, but Alaska refuses to recognize their marriages as a basis to deny them, and in the case of Plaintiffs I.H. and B.H., the children born to the marriage, a PFD. Unilaterally, and in violation of order of this court and the Supreme Court of the United States of America, Alaska has voided Plaintiffs' legal status and rights and responsibilities as married people and their children's rights to be recognized as the legal children of a valid marriage.

37. Explicitly in reference to Alaska Stat. §25.05.013(b), Defendants single out accompanying same sex spouses, including Plaintiffs Smith and Hodge, as not being

entitled to the benefits of marriage, while heterosexual accompanying spouses of military members and students stationed out of state are granted the PFD.

38.     Alaska's persistent exclusion of same sex couples from marriage and refusal to recognize existing marriages of same sex couples, going so far as to void those marriages and to refuse to recognize the legal relationship between parent and child within such relationships, harms the Plaintiffs and other Alaska same sex couples and their families in real and significant ways.

39.     Alaska's exclusion of same sex couples from marriage and refusal to recognize existing marriages, as well as its affirmative voiding of lawful marriages from sister states, undermines the Plaintiffs' and others' similarly situated ability to achieve their aspirations, disadvantages them financially, and denies them "dignity and status of immense import." *U.S. v. Windsor*, 133 S. Ct. 2675, 2692 (2013). The adult Plaintiffs are stigmatized and relegated to second class status by being barred from legal recognition of their marriage in their home state. The minor Plaintiffs are stigmatized and relegated to second class status by having their parents' legal relationship ignored by the state of their birth. Alaska's exclusion of Plaintiffs, other accompanying same sex spouses and children of military members and students from receipt of a PFD informs same sex couples, their children, and the community that their committed family relationships are unworthy of recognition.

40.     By singling out Plaintiffs and other accompanying spouses and children of same sex couples from receipt of a PFD, Alaska conveys to Plaintiffs and others similarly situated that their families are not equal to other Alaska residents who accompany their military member/student spouses and parents on duty.

41.     On October 12, 2014, this court declared unconstitutional and permanently enjoined Alaska's marriage laws that violated the Constitution's mandate of equality and due process. *Hamby v. Parnell*. 56 F. Supp. 3d 1056 (D. Alaska 2014).

42.     On June 26, 2015, the Supreme Court of the United States declared all such laws unconstitutional nationwide and ordered the states to grant and recognize the right to marry to same sex couples. *Obergefell v. Hodges*. 576 U.S. _____ (2015); 125 S.Ct. 2584 (2015).

43.     By denying Plaintiffs, and others similarly situated, the routine determination of eligibility for and payment of the PFD, Defendants ignored the decisions of this court and the Supreme Court of the United States and continued enforcing these unconstitutional statutes as a basis for discrimination against same sex spouses of military members/students and their families stationed out of state. On information and belief, Defendants' illegal conduct has been ongoing since outlawed by this court, by these specific Defendants and individuals previously serving in the same official capacities.  Plaintiffs believe that others similarly situated have been illegally denied PFDs and/or other state benefits in previous years.

## V. CAUSES OF ACTION

First Cause of Action

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Against All Defendants

Alaska's Denial of a PFD to Accompanying Same Sex Spouses and Children of Military Members/Students Stationed Out of State Deprives Plaintiffs and Others Similarly Situated of Their Rights to Due Process of Law under the Fourteenth Amendment to the United States Constitution

44.     Plaintiffs incorporate by reference all of the above paragraphs as though fully set forth herein.

45.     Plaintiffs state this cause of action against all Defendants in their official capacities for purposes of seeking damages, injunctive, and declaratory relief.

46.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, §1.

47.     The Alaska Constitution, Article 1, Section 25, Alaska Stat. §25.05.011, Alaska Stat. §25.05.013, and all other sources of state law that preclude marriage for same sex couples or deny same sex married couples the full benefits available to opposite sex couples under law, violate the due process guarantee of the Fourteenth Amendment both facially and as applied to Plaintiffs.

48. The right to marry the person of one's choice and to direct the course of one's life without undue government restriction is one of the fundamental rights protected by the Due Process Clause of the Fourteenth Amendment. Defendants' actions to enforce the marriage ban statutes, years after these laws were voided and permanently enjoined, impermissibly infringe upon the adult Plaintiffs' choices of whom to marry and interfere with a fundamental and intimate personal choice, and impermissibly deny the minor Plaintiffs' fundamental rights to have their legal familial relationships recognized by their state of residence.

49. The Due Process Clause also protects choices central to personal dignity, privacy, and autonomy, including each individual's fundamental liberty interests in family integrity and intimate association. Defendants' actions to enforce the marriage ban actions to enforce the marriage ban statutes after these laws have been voided and permanently enjoined infringe upon Plaintiffs' deeply intimate, personal, and private decisions regarding family life, and preclude them from obtaining full liberty, dignity, privacy, and security for themselves and their families.

50. As Alaska's governor, Defendant Dunleavy's actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for the policies and actions of the executive branch relating to, for example and without limitation: the Permanent Fund Dividend Program, the issuance of marriage licenses, the Division of Retirement and Benefits' administration of benefits to

state employees and their families, violate Plaintiffs' fundamental right to marry and fundamental interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

51.    As Attorney General of the State of Alaska, Defendant Clarkson's actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for defending and providing legal advice supporting the policies and actions of the executive branch relating to, for example and without limitation: the Permanent Fund Dividend Program, the issuance of marriage licenses by Vital Statistics, the Division of Retirement and Benefits' administration of benefits to state employees and their families, violate Plaintiffs' fundamental right to marry and fundamental interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

52.    As Interim Commissioner of the State of Alaska, Department of Revenue, Defendant Barnhill's actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his supervision of the Division of Permanent Fund Dividend, the agency which denied Plaintiffs and other accompanying same sex spouses and children of military members/students a PFD on the basis of the unconstitutional and permanently enjoined Alaska statutes banning same sex marriage and its recognition, violate Plaintiffs' fundamental right to marry and fundamental

interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

53.     As the Director of the State of Alaska, Division of the Permanent Fund, Defendant Weske's actions to continue enforcement of Alaska's exclusion of same sex couples from marriage by denying Plaintiffs and other accompanying same sex spouses and children of military members/students stationed out of state their PFDs, deny Plaintiffs and others similarly situated their fundamental right to marry and fundamental interest in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

54.     Defendants cannot excuse their egregious continued enforcement of marriage laws that this court - and the United States Supreme Court - held to violate the fundamental right to marry and interference with fundamental liberty interests in liberty, dignity, privacy, autonomy, family integrity, and intimate association.

55.     Defendants' deprivation of the Plaintiffs' constitutional rights under color of state law violates 42 U.S.C. §1983.

56.     Plaintiffs, and others similarly situated, have no adequate remedy at law to redress the wrongs alleged herein, which – five years after *Hamby v. Parnell* - are of a continuing nature and which cause and will continue to cause them irreparable harm.

57.     Plaintiffs and others similarly situated are entitled to declaratory and injunctive relief on this basis.

## SECOND CAUSE OF ACTION

### Against All Defendants

Alaska's Unequal Treatment of Same Sex Married Couples and Dependents Deprives Plaintiffs and Those Similarly Situated Their Rights to Equal Protection of the Laws Under the Fourteenth Amendment to the United States Constitution

50.     Plaintiffs incorporate by references all of the above paragraphs as though fully set forth herein.

51.     Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

52.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. §1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

53.     The Alaska Constitution, Article 1, Section 25, Alaska Stat. §25.05.011, Alaska Stat. §25.05.013, and all other sources of state law that preclude marriage for same sex couples violate the equal protection guarantee of the Fourteenth Amendment both facially and as applied to Plaintiffs. The conduct of the Defendants in continuing to enforce these laws violates the right of Plaintiffs and others similarly situated to equal protection by discriminating impermissibly on the basis of sexual orientation and sex, and by extension, deny equal protection to the children who were impermissibly denied PFDs based upon the Defendants' discrimination against their Plaintiff parent(s).

54.     As Alaska's governor, Defendant Dunleavy's actions to enforce

Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for the policies and actions of the executive branch relating to, for example and without limitation: the Permanent Fund Dividend, the issuance of marriage licenses, the Division of Retirement and Benefits' administration of benefits to state employees and their families, violate Plaintiffs' and others' similarly situated constitutional right to equal treatment, without regard to sexual orientation or sex, under the Fourteenth Amendment to the United States Constitution.

55.    As Attorney General of the State of Alaska, Defendant Clarkson's actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his responsibility for defending and providing legal advice supporting the policies and actions of the executive branch relating to, for example and without limitation: the Permanent Fund Dividend, the issuance of marriage licenses, the Division of Retirement and Benefits' administration of benefits to state employees and their families, violate Plaintiffs and others' similarly situated constitutional right to equal treatment, without regard to sexual orientation or sex, under the Fourteenth Amendment to the United States Constitution.

56.    As Interim Commissioner of the State of Alaska, Department of Revenue, Defendant Barnhill's actions to enforce Alaska's exclusion of same sex couples from marriage, including those actions taken pursuant to his supervision of the Division of the Permanent Fund Dividend, deprive Plaintiffs and others' similarly situated of their

constitutional right to equal treatment under the law by denying them a PFD because they are in or are the children of parents in a same sex marriage while granting a dividend to heterosexual accompanying spouses, and children of, military members/students stationed out of state.

57.     Defendant Weske's actions to enforce Alaska's exclusion of same sex couples from marriage, and deny accompanying same sex spouses and children of military members/students stationed out of state their PFDs, deprive Plaintiffs and others similarly situated of their constitutional right to equal treatment under the law.

58.     Alaska's exclusion of same sex couples from recognition of their marriage and the benefits of marriage, and Defendants' actions to enforce that exclusion, deny same sex couples and their dependents equal dignity and respect, and deprive their families of a critical safety net of rights and responsibilities. These laws brand same sex couples and their children as second class citizens through government imposed stigma, and also serve to foster private bias and discrimination by instructing all persons with whom same sex couples and their children interact, that their relationships and families are less worthy than others. Alaska's exclusion of same sex couples and their children reflects private moral disapproval and animus toward same sex couples and their children.

59.     Same sex couples are similar to opposite sex couples in all of the characteristics relevant to marriage. Like opposite sex couples, they make a commitment

to each other, build their lives together, create families together, plan their futures together, and hope to grow old together, caring for each other physically, emotionally, and financially.

60.     This case presents an actual controversy because Defendants' denial of PFDs to same sex spouses and children of military members/students stationed out of state has persisted for five years since this court permanently enjoined the enforcement of the referenced statutes.

61.     Defendants continue to ignore and contravene the decisions of this court and the Supreme Court of the United States, violating Plaintiffs' rights to due process and equal protection, warranting the issuance of a declaratory judgment pursuant to 28 U.S.C. §§2201-2202 and under the Federal Rules of Civil Procedure 57 and 65.

62.     Plaintiffs, on behalf of themselves, the children as set forth above, and other Alaska residents accompanying their spouses who are military members/students stationed outside the state of Alaska denied the PFD, seek injunctive relief to protect their constitutional rights and avoid the injuries described above. An order enjoining Defendants would redress and prevent the irreparable injuries to Plaintiffs that have been identified, for which Plaintiffs and others similarly situated have no adequate remedy at law or in equity.

63.     Defendants' violation of this court's October 12, 2014 Order and Injunction in denying Plaintiffs and others similarly situated the Permanent Fund Dividend when

accompanying same sex spouses or parents who are military members and students calls

into question whether the State of Alaska is otherwise continuing to enforce permanently

enjoined marriage laws as a basis to deny equal treatment of same sex couples in denial

of marriage licenses, denial of employee health and retirement benefits, or other areas.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this court to enter judgment:

A.    Declaring that denial of a PFD to an accompanying same sex spouse or

child under the Alaska laws barring recognition of marriages of Plaintiff same sex

couples, including Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§

25.05.011-.013, and any other sources of state law that deny recognition to and/or void

the marriages of the Plaintiffs and all those similarly situated, violates Plaintiffs' rights

under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the

United States Constitution;

B.    Permanently enjoining denial of a PFD to an accompanying same sex

Spouse or dependent via enforcement by Defendants of Article 1, Section 25 of the

Alaska Constitution, Alaska Stat. § 25.05.011-.013, and any other sources of state law to

deny or refuse recognition of and/or void the marriages of Plaintiffs and all others

similarly situated;

C.    Requiring Defendants in their official capacities to permit the issuance of

PFD to Plaintiffs and all those similarly situated who are accompanying same sex spouses of a military member/student stationed out of state, pursuant to the same restrictions and limitations applicable to opposite sex couples, and to recognize the marriages validly entered into by Plaintiffs and all those similarly situated;

D.      Requiring Defendants to identify the names, addresses, telephone numbers and email addresses for all individuals who the State of Alaska denied a PFD from 2014 to the present based on Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law banning same sex marriage, recognition of same sex marriage, or excluding same sex married couples from the benefits of marriage;

E.      Requiring Defendants to pay any and all individuals PFDs, plus interest, to any individuals who were denied a PFD from 2014 to the present based on Article 1, Section 25 of the Alaska Constitution, Alaska Stat. §§ 25.05.011-.013, and any other sources of state law banning same sex marriage, recognition of same sex marriage, or excluding same sex married couples from the benefits of marriage;

F.      Requiring Defendants to pay Plaintiffs their 2019 PFDs, applicable interest, costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. §1988;

G.      Requiring Defendants Dunleavy and Clarkson to identify the names, addresses, telephone numbers, and email addresses of any and all persons that have been

denied issuance of a marriage license, retirement and health benefits, and other benefits of marriage based upon the enjoined statutes since the date of the permanent injunction;

H. Requiring Defendants Dunleavy and Clarkson to identify the names, addresses, telephone numbers, and email addresses of any additional Defendants who have, in their official capacities as officers, agents, or employees of the State of Alaska, denied a marriage license, retirement and health benefits, or other benefits of marriage based upon the enjoined statutes since the date of the permanent injunction in *Hamby v. Parnell*;

I. Granting such other and further relief as the Court deems just and proper.

J. The declaratory and injunctive relief requested in this action is sought against each Defendant, and all of them; and each Defendant's officers, employees, and agents, and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control, whether direct or indirect.

RESPECTFULLY SUBMITTED this 11th day of January 2020 at Anchorage, Alaska.

By: _____/s/_____
     Caitlin Shortell #0405027

By: _____/s/_____
     Heather Gardner #0111079

**CERTIFICATE OF SERVICE**

This certifies that on this 11th day of January, 2020, a copy of the foregoing document was served via electronic service upon:

Rebecca Cain
State of Alaska, Office of the Attorney General
1031 W. 4th Avenue Suite 200
Anchorage, AK 99501

Attorney for Defendants

/s/ Heather Gardner