KEVIN G. CLARKSON
ATTORNEY GENERAL

Rebecca H. Cain (Alaska Bar No. 9811056)
Chief Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-6600
Facsimile: (907) 276-3697
Email: rebecca.cain@alaska.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENALI NICOLE SMITH, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL DUNLEAVY, in his official capacity of Governor of the State of Alaska, KEVIN CLARKSON, in his official capacity as Attorney General of the State of Alaska, BRUCE TANGEMAN, in his official capacity as Commissioner of the State of Alaska, Department of Revenue, ANNE WESKE, in her official capacity as Director of the Permanent Fund Division, State of Alaska, Department of Revenue,<br><br>Defendants. | Case No. 3:19-cv-00298-HRH |

**OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**

### I. Introduction

Defendants, Governor Michael Dunlevy, Attorney General Kevin Clarkson, acting Commissioner Mike Barnhill, and Director Anne Weske ("State"), oppose plaintiff, Denali Smith's ("Smith") request to amend her complaint in this matter. [Dkt. 15] Ms.

Smith seeks to amend her complaint in three ways: (1) adding three new plaintiffs; (2) substituting Acting Commissioner of Revenue Mike Barnhill for former Commissioner Tangeman; and (3) adding a claim that asks the Court to order the State to provide Ms. Smith with extensive information about other PFD applicants and information concerning marriage certificates issued by the State and benefits provided to State employees.

The State opposes Ms. Smith's request for leave to amend. The amendments sought are futile and therefore appropriately denied on that basis alone. In addition to being futile and legally untenable, Ms. Smith's request that the State provide her with protected information about other Alaskans' permanent fund applications and information about marriage licenses and benefits paid to state employee and their families, unrelated to any claim before this court, seeks to invade the privacy of non-parties, and would impose an undue burden on the State. These amendments are not in the interest of justice and should be denied.

## II. Argument

### A. Standards governing motions to amend

Trial courts have broad discretion to grant leave to amend where "justice so requires," but leave is properly denied where the amendments would cause undue delay, are brought in bad faith, there is undue prejudice to the opposing party, or the amendments are futile." [1] Futility of amendment by itself can justify the denial of a

---

[1] *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

*Smith v. Dunleavy, et al*  3:19-cv-00298-HRH
Opp. to Mot. To Amend  Page 2 of 12
Case 3:19-cv-00298-HRH   Document 20   Filed 01/28/20   Page 2 of 12

motion for leave to amend.[2] An amendment is futile if it would not survive a dispositive motion.[3] For the reasons discussed below, the amendments sought by Ms. Smith are either futile or unnecessary. In addition, the amendments seeking far reaching information about other individuals PFD applications, marriage licenses, and benefits paid to state employees and their families are an unwarranted invasion of those individual's privacy and unduly burdensome on the State.

> **B. Ms. Smith's proposed amendment seeking to add new plaintiffs is futile because the new plaintiffs' proposed claims are already moot or are not cognizable**

The primary focus of Ms. Smith's motion to amend is to add the claims of three new plaintiffs, Megan Hodge and her children, I.H. and B.H. [Dtk. 15-2 at 3] The amended complaint asks for payment of the new plaintiffs' PFDs, refund of the appeal fee Ms. Hodge paid to appeal the denial of her children's PFDs, unspecified monetary relief, and declaratory and injunctive relief barring the State from enforcing AS 25.05.011 -.013 in the future. [Dkt. 15-5] For the reasons discussed below, the proposed amendments are futile because the requested claims for relief are moot, not cognizable, or merely repeat relief requested in the existing complaint

> > **i. Amendments seeking payment of the Hodges' PFDs and any appeal fees**

Ms. Smith's amended complaint seeks to add Ms. Hodge and her children to the existing action, in part to obtain payment of their 2019 PFDs and the appeal fee that Ms.

---

[2] *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 1999).
[3] *Roth v. Garcia Marquez*, 942 F.2d 617, 628-29 (9th Cir.1991).

*Smith v. Dunleavy, et al*  3:19-cv-00298-HRH
Opp. to Mot. To Amend  Page 3 of 12
Case 3:19-cv-00298-HRH   Document 20   Filed 01/28/20   Page 3 of 12

Hodge paid to appeal the initial denial of her children's PFDs. [Dkt. 15-2 at 7] But, as the amended complaint acknowledges, the State has already paid each of the Hodges their 2019 PFDs. [Dkt. 15-2 at 4] The appeal fee Ms. Hodge paid to appeal the denial of her children's PFD has also already been refunded. [Exhibit A at 3-4, Exhibit B and C].[4] Accordingly the primary relief sought on behalf of the Hodge plaintiffs has already been provided.

Because all the relief requested has already been granted, the proposed amendment is futile and Ms. Smith's request for leave to amend to add these plaintiffs' and their claims should be denied.

    ii.  **Amendments seeking other unspecified damages for the new plaintiffs**

Ms. Smith's amended complaint also suggests that she seeks to add the new plaintiffs in order to recover other unspecified monetary damages on their behalf resulting from the denial of their 2019 PFDs. [Dkt. 15-2 at 5, 7] This amendment also fails because the proposed claims are not cognizable and would, if allowed, be subject to an immediate motion to dismiss.

The complaint and amended complaint seek relief from named defendants in their official capacity under 42 U.S.C. § 1983. Such a lawsuit is, in essence, a suit against the

---

[4]  There is no appeal fee due for Ms. Hodge's PFD because Ms. Hodge did not appeal the denial of her own PFD. Exhibit A at 3. When reviewing the appeal for her children, PFD Division staff noted that the children's PFD had been denied based on AS 25.05.013. *Id*. Division staff then located the denial of Ms. Hodge's PFD, corrected the denial and issued payment to her. All three Hodges' have now received their 2019 PFDs. *Id*.

*Smith v. Dunleavy, et al*      3:19-cv-00298-HRH
Opp. to Mot. To Amend      Page 4 of 12

Case 3:19-cv-00298-HRH   Document 20   Filed 01/28/20   Page 4 of 12

State.[5] States, state agencies, and state officials sued in their official capacity are not "persons" for the purposes of bringing a section 1983 claim.[6] Accordingly, neither Ms. Hodge nor Ms. Hodge's children have a cognizable claim against the identified defendants for monetary damages as pled in the amended complaint. These claims would be subject to dismissal under Rule 12(b)(6) and therefore the proposed amended claims are futile.

### iii. Amendments seeking declaratory and injunctive relief

The final category of relief that Ms. Smith seeks to request for the Hodge plaintiffs in the amended complaint is declaratory and injunctive relief barring the State from denying an otherwise eligible resident's PFD based on enforcement of AS 25.05.013. As discussed in the preceding section, all the other claims that the amended complaint adds on behalf of the Hodge plaintiffs have been paid. Although an exception to this jurisdictional rule against reviewing moot disputes can exist where an issue presented is "capable of repetition, yet evading review"[7] this situation is not presented by the proposed amended complaint.

Ms. Smith's action is unusual in that it seeks relief that had already been granted before the filing of their claims. Both Ms. Smith's and the Hodge family's PFDs have already been paid and this court has already reviewed the constitutionality of AS 25.03.013. None of the named defendants or the State of Alaska dispute that holding.

---

[5]  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).
[6]  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).
[7]  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983).

Case 3:19-cv-00298-HRH   Document 20   Filed 01/28/20   Page 5 of 12

Rather, they have explained that the PFD denials were a mistake that State either has or is already actively attempting to remedy.[8] Thus, there is not additional relief that this Court can grant. But even if there is, whatever additional review or remedy Ms. Smith seeks for injunctive or declaratory relief is available through Ms. Smith's existing claim. There is no need to add additional plaintiffs who would only add further delay and expense to the existing action.[9] Accordingly, Ms. Smith's request to amend her complaint to add new plaintiffs' claims which are already moot should be denied.

### C. Ms. Smith's proposed amendment substituting acting Commissioner Mike Barnhill for former Commissioner Tangeman is unnecessary

The amended complaint also seeks to substitute acting Commissioner of Revenue, Mike Barnhill for former Commissioner of Revenue, Bruce Tangeman. [Dkt. 15 at 2] However, because Ms. Smith's suit was brought against former Commissioner Tangeman in his official capacity it is not necessary to separately seek to amend the existing complaint on this basis.[10] When an official is sued in their official capacity ceases to hold

---

[8] http://www.law.state.ak.us/press/releases/2019/112219-SmithPFD.html

[9] Federal rules of civil procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

[10] *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) explaining that personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law while official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id*. at 165-66. Thus, when an official named in an official capacity suit dies or resigns the official's successor will automatically be substituted. Id. at 166 n.11.

*Smith v. Dunleavy, et al*  3:19-cv-00298-HRH
Opp. to Mot. To Amend  Page 6 of 12
Case 3:19-cv-00298-HRH   Document 20   Filed 01/28/20   Page 6 of 12

office, the officer's successor is automatically substituted as a party.[11] The proposed amendment is not required. Nor is it in the interest of justice. Because Mr. Barnhill is only acting in a temporary capacity, under Ms. Smith's approach further amendments would be needed once a permanent commissioner is named and confirmed by the legislature. The proposed amendment is unnecessary and should be denied.

> D. **Ms. Smith's proposed amendment seeking information concerning marriage licenses, state employee benefits, and the identities and personal information of other individuals found ineligible for a PFD should also be denied because these amendments are futile, impose an undue burden on the State, and unnecessarily invade the privacy of non-parties**

Ms. Smith's final basis for seeking leave to amend her complaint is "to articulate the remedies requested with greater specificity." [Dkt. 15 at 2] Although Ms. Smith's motion fails to specify these additional remedies requested, comparison of the two complaints indicates that Ms. Smith seeks to ask the Court: (1) to require the State to provide her with information concerning any member of a same sex couple who has been denied a marriage license by the state and order the state to issue these hypothetical couples marriage licenses; (2) identify to Ms. Smith any State employees or members of their families who were denied medical benefits based on their same sex marriage and pay these benefits; (3) identify to Ms. Smith any State employees or members of their families who were denied retirement benefits based on their same sex marriage; and (4) identify the name, address, phone number, and email addresses of all individuals denied a

---

[11] Fed. R. Civ. P 25(d).

PFD from 2014 forward based on their marriage to a person of the same sex. For the reasons discussed below, these amendments are not only futile but needlessly invade the privacy of individuals who are not parties to the litigation, address matters that the plaintiffs have no standing to pursue, and put an undue burden on the State.

        i.        **Ms. Smith's claims concerning state issued marriage licenses and state employee benefits**

The amendments seeking relief concerning marriage licenses and benefits available to State employees and their families are futile. The amended complaint fails on its face to demonstrate any basis upon which the identified plaintiffs have standing to bring such claims. To have standing a plaintiff must allege "(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief."[12] To establish the necessary injury, a plaintiff must demonstrate that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."[13] Such an injury "must affect the plaintiff in a personal and individual way."[14]

None of the plaintiffs identified in the amended complaint can meet this standard with respect to marriage licenses or state employee benefits. Neither Ms. Smith nor Ms. Hodge allege that the State has denied their request for a marriage license. Neither Ms. Smith nor Ms. Hodge allege that they are State employees or the spouses of State

---

[12]    *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 590 (1992).

[13]    *Id*. at 560 (citations omitted).

[14]    *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982)

employees who have been denied employment-based benefits by the State. Indeed, the complaint acknowledges that neither Ms. Smith nor Ms. Hodge have any knowledge of any person who has been denied a marriage license by the State or a state-employee benefit based on their marriage to a person of the same sex. [Dkt. 15-2 at 4] Ms. Smith and Ms. Hodge are not permitted to pursue mere "potential" claims regarding complete strangers to whom they have no relationship—plaintiffs did not bring this case as a class action nor would they have a legal basis upon which to do so under Fed. R. Civ. P. 23.

The amended complaint's complete failure to include any allegations that would support standing for these plaintiffs to pursue claims concerning marriage licenses or concerning state employee benefits dooms it to dismissal. Standing is an unwaivable federal jurisdictional requirement for district courts..[15] Because none of the plaintiffs have standing to bring claims concerning state-issued marriage licenses or state-employee benefits, the proposed amendments are futile. Ms. Smith's request for leave to file an amended complaint adding relief concerning marriage licenses and state employee benefits must be denied.

Moreover, Ms. Smith unnecessarily seeks to invade the privacy of others by demanding sensitive private personal and medical information. The plaintiffs do this without any basis to suppose that any Alaskan has been denied a marriage license, has been denied retirement benefits, or that any state employee or dependent has been denied insurance coverage because of their same-sex marriage. Because this request is based

---

[15] *Id*.
*Smith v. Dunleavy, et al*  3:19-cv-00298-HRH
Opp. to Mot. To Amend  Page 9 of 12
Case 3:19-cv-00298-HRH   Document 20   Filed 01/28/20   Page 9 of 12

solely on hypothetical harms that Ms. Smith has no reason to believe have occurred to non-party third-parties with whom she has no relationship, this Court should deny leave to amend the complaint in this way. Further, in addition to these claims being futile, the plaintiff's demand for information regarding marriage licenses and employee benefits would require the State to sift through thousands of documents and is therefore unduly burdensome, particularly because Ms. Smith openly admits that she lacks any evidence or information to suggest that any one has been denied a marriage license or any benefit of employment based on AS 25.05.011—.013.

        **ii.    Ms. Smith's amendments asking the Court to order the State to produce personal information of other unnamed individuals**

In addition to her claims concerning marriage certificates and state employee benefits, Ms. Smith asks the Court to order the State to produce the names, addresses, telephone numbers, and email addresses of all individuals who the State found ineligible for a PFD based on their marriage to a person of the same sex. [Dkt. 15-2 at 6-7]

This request is also futile, needlessly invades the privacy of others who are not parties to this action, and imposes an undue burden on the State. The requested information is more akin to a discovery request than a demand for relief in a complaint. There is therefore no just reason to allow Ms. Smith to add it here. To the extent that Ms. Smith believes this information to be discoverable, she already has the ability to seek it from the State and litigate before the Court whether she is entitled to that information and

under what circumstances.[16] Ms. Smith cannot make information automatically discoverable by specifically asking the court for such relief in the complaint particularly when the information relates to individuals not before the court and with whom she has no relationship.[17] The requested amendment is futile and not in the interest of justice and thus should be denied.

### III. Conclusion

For the reasons explained above, Ms. Smith's request for leave to amend should be denied. The claims that Ms. Smith seeks to add are either moot, unnecessary, or, to the extent addressable at all, can be reviewed by the Court through the existing complaint and court process. The proposed amendments are not in the interest of justice but would add further delay and expense to the existing litigation and thus should be denied.

DATED: January 28, 2020.

                                            KEVIN G. CLARKSON
                                            ATTORNEY GENERAL

                                        By:   /s/Rebecca H. Cain
                                                  Rebecca H. Cain
                                                  Chief Assistant Attorney General
                                                  Alaska Bar No. 9811056
                                                  Department of Law
                                                  1031 West Fourth Avenue, Suite 200
                                                  Anchorage, AK 99501

---

[16]     Permanent Dividend Fund application information is protected from disclosure by statute and may only be produced under limited circumstances. *See* AS 43.23.110.

[17]     Neither the original complaint nor the proposed amended complaint alleges that they seek relief on a class wide basis under Federal Rule of Civil Procedure 23.

Phone: (907) 269-6600
Facsimile: (907) 276-3697
Email: rebecca.cain@alaska.gov
Attorney for Defendants

Certificate of Service

I certify that on January 28, 2020 the foregoing **OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT** was served electronically on:

| | |
|---|---|
| Caitlin Shortell | Heather L. Gardner |
| Shortell, Gardner & Ahearn LLC | Shortell, Gardner & Ahearn LLC |
| 911 W. 8th Ave., Suite 204 | 645 G Street, Suite 100-75 |
| Anchorage, AK 99501 | Anchorage, AK 99501 |

cs.sgalaw@gmail.com and hgardnerlaw@gmail.com

/s/Sabina Perez-Figueroa
Sabina Perez-Figueroa, Law Office Assistant

*Smith v. Dunleavy, et al*   3:19-cv-00298-HRH
Opp. to Mot. To Amend   Page 12 of 12
Case 3:19-cv-00298-HRH   Document 20   Filed 01/28/20   Page 12 of 12