SHORTELL LAW LLC
Caitlin Shortell ABA # 0401025
911 W. 8th Avenue, Suite 204
Anchorage, Alaska 99501
Telephone: (907) 272-8181
Facsimile: 1 (888) 979-6148
cs.sgalaw@gmail.com

Heather Gardner ABA # 0111079
645 G Street, Suite 100-754
Anchorage, Alaska 99501
Telephone: (907) 375-8776
Facsimile: 1 (888) 526-6608
hgardnerlaw@gmail.com

Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DENALI NICOLE SMITH, on behalf of herself and others similarly situated, MEGAN E. HODGE, on behalf of herself and on behalf of her minor children, I.H. and B.H., and others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>MICHAEL DUNLEAVY, in his official capacity of Governor of the State of Alaska, KEVIN CLARKSON, in his official capacity as Attorney General of the State of Alaska, MIKE BARNHILL, in his official capacity as Interim Commissioner of the State of Alaska, Department of Revenue, ANNE WESKE, in her official capacity as Director of the Permanent Fund Division, State of Alaska, Department of Revenue,<br><br>　　　　　　　　　　Defendants. | Case No. 3:19-cv-00298 HRH<br>MOTION FOR LEAVE TO AMEND COMPLAINT |

Due to the early stage of this litigation and the lack of any basis for denial, this court should grant Plaintiffs' motion for leave to amend the complaint to add three plaintiffs, to substitute the name of the now resigned Commissioner of Revenue to the Interim Commissioner of Revenue Mike Barnhill and to articulate the remedies requested with greater specificity. Leave to amend should be granted, as there is no basis to find that amendment would cause prejudice to Defendants, is sought in bad faith, is futile, or creates undue delay.[1] A motion for leave to amend is granted liberally in this appellate circuit.[2] There is no indication and Defendants have not effectively argued that amendment is in bad faith, is futile, would create undue delay, or that amendment of the complaint would prejudice Defendants. Good cause exists for leave to amend to be granted and no justification exists for denial. Defendants will not be prejudiced in any way if an amendment is allowed at this early stage of the proceedings. Discovery has not begun.

Without any proper basis to urge denial of the motion for leave to amend, Defendants' Opposition states a number of arguments that are unresponsive and lack merit. Defendants assert that amendment would be futile as the Defendants have paid a few individuals their PFDs after their unlawful and discriminatory violation of the court's

---

[1] *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992).
[2] The Ninth Circuit Court of Appeals has held that "Rule 15′s policy favoring amendments is applied liberally by us." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

*Smith v. Dunleavy et al.*
Case No.: 3:19-cv-00298 HRH
Reply to Opposition to Motion for Leave to Amend Complaint

2

Case 3:19-cv-00298-HRH   Document 22   Filed 02/03/20   Page 2 of 6

October 12, 2014 order was discovered by this lawsuit. This argument is unavailing, as it does not address the fact that this action is to enforce the court's October 12, 2014 order as to Plaintiffs and all others similarly situated, to determine who was harmed by these violations, to identify any and all Defendant state officials responsible for ongoing enforcement of laws determined by this court and the United States Supreme Court to be unconstitutional. Defendants' payment of 1-4 PFDs denied for discriminatory reasons after the filing of a Federal civil rights lawsuit does not make moot Defendants' discriminatory violation of the court order as to plaintiffs and others similarly situated. Defendants' admission of violation of the court's order in one case or three cases in 2019 does not fix a violation of a court order and the U.S. Constitution, that, on information and belief, has been ongoing since this court entered its injunction in *Hamby*. In arguing futility or mootness, Defendants' attempt to conceal the extent to which they, and other state officials, have violated the court's permanent injunction in *Hamby* and have continued to enforce those statutes. This court would not allow a bank robber to avoid prosecution by simply returning the cash to the bank. It should not determine a lawsuit moot based on Defendants' late reversal of eligibility determination for three individuals without permitting amendment and discovery.

The court should not, in particular, take Defendants at their word that they have stopped discriminating against people. Nor should it deny Plaintiffs access to the one enforcement mechanism that provides a check on discriminatory official conduct: access

to the court that ordered Defendants to stop the discriminatory conduct in the first place. Such access necessarily takes the form of discovery into the scope of the discriminatory conduct, including how many people have been discriminated against by the violation of this court's order and when it has occurred. The court may confidently reject Defendants' argument of mootness.

In addition, the court may properly reject the argument that amendment to add Plaintiffs would reveal privileged information about who has been discriminated against. In deciding the Motion for Leave to Amend, the only relevant question is whether amendment would cause prejudice to Defendants, is sought in bad faith, is futile, or creates undue delay, not whether Plaintiffs are entitled to particular discovery. Defendants cannot persuasively argue that any claim of confidentiality or privilege warrants denial of the motion for leave to amend.

There is no argument that Defendants will be prejudiced if an amendment is allowed at this early stage of the proceedings. Discovery has not begun. Defendants' Opposition has outlined exactly why both amendment and discovery are necessary: because the Defendants did not stop discriminating against people when told to do so on October 12, 2014, but continued enforcing laws that they were permanently enjoined from enforcing.

Plaintiffs Smith and Hodge have already established Defendants' unlawful, discriminatory enforcement of laws enjoined by the court's order dated October 14, 2014.

*Smith v. Dunleavy et al.*
Case No.: 3:19-cv-00298 HRH
Reply to Opposition to Motion for Leave to Amend Complaint

4

Case 3:19-cv-00298-HRH   Document 22   Filed 02/03/20   Page 4 of 6

Defendants' payment of 2019 PFDs to these specific Plaintiffs after a federal lawsuit was filed does not remedy, make moot, or reduce the likelihood of Defendants continuing to violate the court's order in the future. Neither this court nor Plaintiffs have any reason to believe that Defendants will effectively remedy their conduct as to all persons discriminated against unless they are made to do so by this court. There is only one way to effect compliance with the court's permanent injunction: to permit amendment of the complaint to include plaintiffs who have been harmed by Defendants discriminatory conduct to sue Defendants. Plaintiffs bring this action on the information and belief that there are additional persons who were treated exactly as Plaintiffs Smith and Hodges were treated. Plaintiffs will be conducting discovery, including issuing subpoenas, to determine the scope of the conduct. It is absolutely within this court's purview to examine the extent to which Defendants willfully ignored the permanent injunction issued by this court on October 12, 2014.

Defendants' Opposition reads like a partial motion for summary judgment. What is before the court is a motion for leave to amend a complaint at the early stages of litigation to include more Plaintiffs who were harmed by the conduct of the Defendants. Defendants' opposition to substitute the current Commissioner of Revenue does not warrant denial of the Motion for Leave to Amend. There is no economy gained by leaving an official capacity Defendant as a party to the action when that person is no longer in the position he was in when sued, and Defendants have cited no authority for

that argument. When and if the governor appoints a new permanent Commissioner of Revenue, this complaint may be modified again by either party to substitute that person for Acting Commissioner Barnhill.

There are no factors present that would warrant denial of the Motion for Leave to Amend. Accordingly, Plaintiffs request that the court grant to Motion for Leave to Amend the Complaint and accept the First Amended Complaint as filed.

RESPECTFULLY SUBMITTED this 3rd day of February, 2020.

By: _____/s/_____
Caitlin Shortell #0405027

By: _____/s/_____
Heather Gardner #0111079

**CERTIFICATE OF SERVICE**

This certifies that on this 3rd day of February, 2020, a copy of the foregoing document was served via electronic service upon:

Rebecca Cain
State of Alaska, Office of the Attorney General
1031 W. 4th Avenue Suite 200
Anchorage, AK 99501

Attorney for Defendants

/s/ Heather Gardner