WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


DENALI NICOLE SMITH,                     )
                                         )
                        Plaintiff,       )
                                         )
        vs.                              )
                                         )
MICHAEL DUNLEAVY, in his official        )
capacity of Governor of the State of Alaska, )
et al.,                                  )
                                         )     No. 3:19-cv-0298-HRH
                        Defendants.      )
_____  )


O R D E R

Motion to Amend Complaint

        Plaintiff Denali Nicole Smith moves to amend her complaint to add three plaintiffs,

substitute the Acting Commissioner of Revenue (Alaska) Mike Barnhill as a defendant in

place of Commissioner Bruce Tangeman, and "to articulate the remedies requested with

greater specificity."[1]  The motion is opposed.[2]  Oral argument has not been requested and is

not deemed necessary.

        This case arises out of defendants' denial of plaintiff's eligibility for the 2019

Permanent Fund Dividend (PFD).  Plaintiff alleges that she was denied eligibility for the

2019 PFD "because she is a woman married to a woman who is a member of the Armed

_____

        [1]Motion for Leave to Amend Complaint at 2, Docket No. 15.

        [2]Docket No. 20.

ORDER – Motion to Amend Complaint                                           - 1 -

Forces of the United States. . . ."[3]  In her complaint, plaintiff asserts § 1983 due process and equal protection claims against defendants.

Pursuant to Rule 15(a)(2), Federal Rules of Civil Procedure, absent the consent of an opposing party, leave of court to amend must be secured.  "The court should freely give leave when justice so requires."  Id.  But the court may "deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith."  Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010) (citation omitted).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

A scheduling and planning order was entered in this case on December 27, 2019.[4]  The scheduling order expressly provided that: "[m]otions to amend pleadings, including motions to add parties, shall be served and filed not later than February 28, 2020."[5]  The instant motion was timely filed, and the court takes seriously its obligation to freely give leave to amend.  However, the instant motion is problematic.[6]

First, plaintiff seeks to add three plaintiffs, Megan Hodge and her two minor children.  In the proposed amended complaint, plaintiff asserts that Hodge and the two minor children were denied eligibility for the 2019 PFD because Hodge "is a woman married to a woman

---

[3]Complaint at 3, ¶ 4, Docket No. 1.

[4]Docket No. 13.

[5]Id. at 6.

[6]Substituting Acting Commissioner of the Department of Revenue, Mike Barnhill, in his official capacity as acting commissioner is not one of the problems.  Such substitutions in official capacity suits are automatic.  Kentucky v. Graham, 473 U.S. 159, 166 n.11 (1985).

ORDER – Motion to Amend Complaint                                                                          - 2 -

who is a member of the Armed Forces of the United States. . . ."[7]  In the proposed amended complaint, the Hodges assert § 1983 due process and equal protection claims and seek damages, injunctive, and declaratory relief.

Amendment to add the Hodges as plaintiffs would be futile.  First, to the extent that the proposed amended complaint seeks monetary damages on behalf of the Hodges, such a claim is futile under 42 U.S.C. § 1983 inasmuch as the defendants are sued in their official capacities, not individually.  Graham, 473 U.S. at 165-66; Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989).  Second, to the extent that the Hodges are seeking payment of their 2019 PFDs and any appeal fees, such a claim is futile because the Hodges have already received that relief.[8]  In other words, this claim is moot.  "An exception exists, however, for controversies that are 'capable of repetition, yet evading review.'"  Hamamoto v. Ige, 881 F.3d 719, 722 (9th Cir. 2018) (quoting Kingdomware Techs., Inc. v. United States, 136 S. Ct. 1969, 1976 (2016)).  "'That exception applies only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'"  Id. (quoting Kingdomware Techs., 136 S. Ct. at 1976).  Plaintiff's proposed amended complaint does not adequately plead any such situation.  Indeed, the court doubts that there is any reason to believe that defendants would continue to fail to pay PFDs under the circumstances of this case or that any such repetition would avoid review.  Here, the proposed amended complaint does not adequately allege the

_____

[7]Proposed First Amended Complaint at 3-4, ¶¶ 5-6, attached to Motion for Leave to Amend Complaint, Docket No. 15.

[8]See Declaration of Anne Weske at 4, ¶ 15, Exhibit A; and Exhibits B and C, SEALED Declaration of Rebecca H. Cain, Docket No. 27.

ORDER – Motion to Amend Complaint                                                    - 3 -

avoidance of mootness as to the Hodges' claims for injunctive and declaratory relief because defendants' alleged conduct is likely to be repeated and avoid review.

In her reply, plaintiff argues that adding the Hodges as plaintiffs would not be futile because "this action is to enforce the court's October 12, 2014 order as to Plaintiffs and all others similarly situated[.]"[9]  Indeed, the proposed amended complaint is introduced by the statement:  "Plaintiffs, as set forth above, and on behalf of others similarly situated, hereby complain and allege. . . ."[10]  In entering a scheduling and planning order, neither the parties nor the court addressed this case as though it had been brought pursuant to Rule 23, Federal Rules of Civil Procedure.[11]  Based upon what is before the court at this point, it appears to the court that plaintiff is trying to institute a class action without alleging any of the prerequisites and without identifying the type of class action being brought.  Thus, to the extent that plaintiff is arguing that amending to add the Hodges as plaintiffs would be appropriate because this is a class action, that argument fails.

Second, plaintiff seeks to amend her complaint "to articulate the remedies requested with greater specificity."[12]  Plaintiff does not explain what exactly this means, but the proposed amended complaint appears to signal an attempt and purpose to grandly expand the constitutional claims originally made.  By the proposed amended complaint, plaintiff(s)

---

[9]Reply to Opposition to Motion for Leave to Amend at 3, Docket No. 23.

[10]Docket No. 15-2 at 2.  Similarly, plaintiff's original complaint is introduced by the statement:  "Plaintiff, on behalf of herself and others similarly situated, hereby complains and alleges[.]"  Docket No. 1 at 2.

[11]Defendants continue to believe that "plaintiffs did not bring this case as a class action . . . under Fed. R. Civ. P. 23."  Opposition to Motion for Leave to Amend Complaint at 9, Docket No. 20.

[12]Motion for Leave to Amend Complaint at 2, Docket No. 15.

ORDER – Motion to Amend Complaint                                                               - 4 -

would apparently seek to require the production of information about the denial of marriage licenses by the state, the denial of medical benefits by the state, and the denial of retirement benefits by the state to persons in same-sex marriages. On the basis of what is presently before the court, the court is unpersuaded that either plaintiff or the proposed new plaintiffs would have standing to bring claims based upon a refusal to issue marriage licenses or afford state employees' other benefits. Thus, this proposed amendment would be futile.

Plaintiff's motion to amend is denied. Mike Barnhill, in his official capacity as Acting Commissioner of the Department of Revenue, State of Alaska, is substituted for Bruce Tangeman.

DATED at Anchorage, Alaska, this <u>14th</u> day of February, 2020.

/s/  H. Russel Holland
United States District Judge