SHORTELL LAW LLC
Caitlin Shortell ABA # 0401025
911 W. 8th Avenue, Suite 204
Anchorage, Alaska 99501
Telephone: (907) 272-8181
Facsimile: 1 (888) 979-6148
cs.sgalaw@gmail.com

Heather Gardner ABA # 0111079
645 G Street, Suite 100-754
Anchorage, Alaska 99501
Telephone: (907) 375-8776
Facsimile: 1 (888) 526-6608
hgardnerlaw@gmail.com

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DENALI NICOLE SMITH, on behalf of herself and others similarly situated, MEGAN E. HODGE, on behalf of herself and on behalf of her minor children, I.H. and B.H., and others similarly situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>MICHAEL DUNLEAVY, in his official capacity of Governor of the State of Alaska, KEVIN CLARKSON, in his official capacity as Attorney General of the State of Alaska, MIKE BARNHILL, in his official capacity as Interim Commissioner of the State of Alaska, Department of Revenue, ANNE WESKE, in her official capacity as Director of the Permanent Fund Division, State of Alaska, Department of Revenue,<br><br>      Defendants. | Case No. 3:19-cv-00298 HRH<br>MOTION PURSUANT TO FRCP 59(e) of ORDER DENYING LEAVE TO AMEND COMPLAINT |

## I. Introduction

Plaintiff, Smith, by and through counsel, now submits this Motion pursuant to FRCP 59(e) to request reconsideration of the denial for leave to amend because the order was based on a manifest error of law and fact and because denial of the motion will result in manifest injustice.

## II. Legal Standard Applicable to a Motion Pursuant to FRCP 59(e)

A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. See 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

## II. ARGUMENT

### A. The Order Denying Leave to Amend Was Based on Errors of Law and Fact

Plaintiff moves for relief under FRCP 59(e) because the court's order is erroneous. Defendants' late reversal of eligibility and payment of 2019 PFDs to the Hodges does not make moot the First Amended claims for declaratory judgment and injunction, as well as the other remedies requested. The Court erred when it found that the eight forms of relief plead

in the First Amended Complaint, were made moot by the payment of the 2019 PFDs to the Hodges.[1]

Further, the court erred in finding that this matter does not present a case capable of repetition but evading review.[2] Plaintiffs submit that without amendment and without this litigation, Defendants will not identify and pay applicants wrongly denied from 2015-2019 and may continue to enforce the enjoined statutes.

Plaintiffs argue that this case is capable of repetition but would evade review based on evidence that, just a few months before this lawsuit was filed and five years after the permanent injunction, PFD representatives told Plaintiff Smith and Ms. Hodge that the enjoined statutes were effective and the basis for denial. PFD representative Jerry Stephens told Ms. Smith that she wasn't getting her PFD because Alaska does not recognize same sex marriage. PFD Division employees told Ms. Hodge the same and also stated that there was no point in appealing her denial. Following PFD Division advice, Ms. Hodge did not appeal.

---

[1] Dkt 15, First Am. Complaint at 26-27
[2] Dkt 29 at 3 cites the exception to mootness described in *Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018) (quoting *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016)). "'That exception applies only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" Id. (quoting *Kingdomware Techs.*, 136 S. Ct. at 1976)."

From October 12, 2014 to the present, the state officials responsible for determining PFD eligibility have continued to enforce enjoined statutes to deny same sex spouses and dependents the same benefits as heterosexual accompanying spouses and dependents. Only when Plaintiff Smith, who was able to find a lawyer to bring this case to court, did Defendants reverse eligibility for Ms. Smith. Before this lawsuit was filed, PFD Division employees told Ms. Hodge that there was no point in her appealing on her own behalf because the denial was based on her being in a same sex marriage.

Defendants have not admitted any unlawful conduct in their answer. The defendants have not identified and have not paid all applicants wrongly denied PFDs for 2015-2019. Without access to the court in this lawsuit, there will be no declaration that PFD Division's denials of PFDs based on the enjoined laws violated the United States Constitution and the permanent injunction; there will be no injunction from PFD using the enjoined statutes as a basis for future denials, and no payment of PFDs wrongly denied to applicants from 2015 to 2019 on the basis of the enjoined statutes.

Plaintiff respectfully asks this court to set aside its Order Denying Motion for Leave to Amend as it erroneously held that amendment is futile

and moot overlooked the well plead requests for declaratory judgment, injunctive relief, and discovery not made moot by payment of the Hodges' PFDs, and also erred when it ignored the facts to suggest that this is a case capable of repetition but evading review.

**B. The Order Denying Leave to Amend Will Work a Manifest Injustice**

The Court should also reconsider its order because denial of the motion for leave to amend results in a manifest injustice. The United States Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test the claim on the merits."[3] The First Amended Complaint includes a plea for injunctive and declaratory relief requested along with the payment of PFDs and other remedies and states facts that support those claims. Plaintiffs brought forth well plead facts that, if viewed as true, would result in a finding that Defendants have violated the permanent injunction and the United States Constitution by their ongoing enforcement of statutes enjoined by the court's order dated October 14, 2014 as to Denali Smith, Megan Hodge, Hodge's two minor

---

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

children, and other same sex accompanying spouses and dependents for the last five years.

Upon information and belief, Defendants have not identified and have not paid all persons similarly situated who were denied PFDs for the last five years and will not do so unless this court permits the amendment of the complaint and discovery to determine the scope of Defendants' conduct. Further, since the applicants wrongly denied are out of state where their spouses are serving in the military, it is unlikely that most of them would learn of this Alaska lawsuit in time to retain counsel and challenge this conduct. By denying leave to amend, this court allows state officials to cover up undeniably discriminatory conduct, to claim the the few cases that come to court are "moot" by reversing PFD eligibility, and to avoid paying other applicants their similarly denied PFDs from 2015-2019 in a timely fashion. For these reasons, the court's Order Denying the Motion for Leave to Amend works a manifest injustice.

### III. CONCLUSION

Plaintiff respectfully moves for reconsideration of the court's order denying the Motion for Leave to Amend the Complaint pursuant to FRCP 59(e). The court erred when it found that amendment would be futile, as the payment of the Hodges' 2019 PFDs does not make futile Plaintiffs' claims for declaratory

*Smith v. Dunleavy et al.*
Case No.: 3:19-cv-00298 HRH
Plaintiff's Motion Pursuant to FRCP 59(e)

6

Case 3:19-cv-00298-HRH   Document 30   Filed 02/24/20   Page 6 of 8

judgment, injunctive relief, or discovery as to the persons wrongly denied PFDs, conduct that is well plead in the First Amended Complaint. In addition, this court should reconsider its order because it works a manifest injustice to block victims of unlawful discrimination from access to the court, especially in this situation, where the victims of discrimination are living temporarily out of state while their spouses serve our country. Accordingly, Plaintiff requests that the court grant this Motion, Grant the Motion for Leave to Amend the Complaint and accept the First Amended Complaint as filed.

RESPECTFULLY SUBMITTED this 2nd day of February 2020.

By: _____/s/_____
Caitlin Shortell #0405027

By: _____/s/_____
Heather Gardner #0111079

**CERTIFICATE OF SERVICE**

This certifies that on this 24th day of February 2020, a copy of the foregoing document was served via electronic service upon:

Rebecca Cain
State of Alaska, Office of the Attorney General
1031 W. 4th Avenue Suite 200
Anchorage, AK 99501

Attorney for Defendants

*Smith v. Dunleavy et al.*
Case No.: 3:19-cv-00298 HRH
Plaintiff's Motion Pursuant to FRCP 59(e)

7

Case 3:19-cv-00298-HRH   Document 30   Filed 02/24/20   Page 7 of 8

/s/ Caitlin Shortell