# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into by Denali Smith (hereinafter referred to as "Plaintiff" or "Smith") and Defendants Michael Dunleavy, Treg Taylor, Lucinda Mahoney, and Anna MacKinnon (hereinafter referred to as "Defendants").

## RECITALS

A. Defendants issued a denial to Smith of her 2019 Permanent Fund Dividend ("PFD") based on Alaska Stat. §§ 25.05.011-.013, because she was a same sex accompanying spouse of a military member stationed out of the State of Alaska.

B. On November 5, 2019, the Permanent Fund Division ("The PFD") sent an email to Plaintiff and her counsel alerting them to the approval of Ms. Smith's 2019 PFD application.

C. On November 20, 2019, Smith filed a lawsuit, case number 3:19-cv-00298-HRH, against Defendants, on behalf of herself and others similarly situated, alleging that Defendants' denial of her 2019 PFD violated the equal protection and due process rights of Plaintiff guaranteed by the United States Constitution and violated the permanent injunction of the United States District Court issued on October 12, 2014, in *Hamby v. Parnell*, 56 F.Supp.3d 1056 (D. Alaska 2014). Plaintiff alleged that she was not the only person against whom Defendants had applied and/or enforced the enjoined statutes.

D. The PFD applied Alaska Stat. §§ 25.011-.013 to Plaintiff and others similarly situated as a basis to deny PFDs to accompanying same sex spouses and dependents after the permanent injunction of the United States District Court issued on October 12, 2014 from 2015-2019. The PFD issues denials to same sex accompanying spouses and dependents referencing Alaska Stat. §§ 25.05.011-.013. The PFD did not delete Alaska Stat. §§ 25.05.011-.013 from its annually updated statutes and regulations booklet to omit the enjoined statutes from 2015-2019.

E. On December 16, 2020, the parties filed a Stipulated Motion to Dismiss Plaintiff's Request for Damages and Injunctive Relief and an order granting that motion issued on December 22, 2020. This order left intact Plaintiff's requests for declaratory relief and attorney's fees.

F. Smith and Defendants desire to resolve this dispute without further action and accordingly have reached the following Agreement.

G.  The purpose of this Agreement is to establish legally binding terms for the full and final settlement of any claims Smith may have against Defendants for acts and omissions up to and through the effective date of this Agreement.

H.  Each of the undersigned parties to this Agreement has had ample opportunity to review the facts and law relevant to this issue, has consulted fully and freely with competent counsel of choice, if desired, and has entered this Agreement knowingly and intelligently without duress or coercion from any source. Smith has had a reasonable time in which to consider whether she wished to sign this Agreement.

## AGREEMENTS

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual promises contained below, it is agreed as follows:

**1. CONSIDERATION**

Defendants agree that in 2020, the State of Alaska issued an updated PFD statutes and regulations enforcement booklet to omit Alaska Stat. §§ 25.05.011-.013 and that Defendants shall not enforce this statute as a basis to deny same sex accompanying spouses and dependents their PFDs in the future.

**2. GENERAL RELEASE OF CLAIMS**

Smith expressly waives any claims against Defendants and its officers, directors, managers, employees, agents, and representatives, and releases them from any claims, whether known or unknown, which existed or may have existed at any time up to the date of this Agreement.

This release includes, but is not limited to, any claims or grievances for benefits, or other compensation or damages of any kind whatsoever arising out of any common law torts, any contracts (express or implied), any covenant of good faith and fair dealing (express or implied), any theory of negligence, any theory of retaliation, any theory of emotional distress, any theory of discrimination or harassment in any form, or any federal, state, or other governmental statute, executive order, or ordinance.

**3. NO ADMISSION OF LIABILITY**

This Agreement does not constitute an admission of any wrongful or discriminatory act, liability, breach of contract, violation of laws or improper conduct by Defendants.

**4. NO CURRENT OR FUTURE CLAIMS OR SUITS**

Within five (5) days of the effective date of this Agreement, the Parties shall dismiss by stipulation, with prejudice, Smith's lawsuit. Smith further agrees that she will not individually, or in concert with others, by virtue of judicial or administrative proceedings of any kind whatsoever, make or cause to be made, acquiesce in, or assist in the bringing of any future action against the Defendants, or any of its officers, directors, advisors or employees, for any claims, damages or other relief which relates in any way to denial of her 2019 PFD, and which are based on acts or omissions which occurred before the effective date of this Agreement.

## 5. ENTIRE AGREEMENT

With the exception of the Stipulated Motion to Dismiss Plaintiff's Request for Damages and Injunctive Relief dated December 16, 2020 and the resulting order, this Agreement sets forth the entire Agreement between Smith and Defendants and supersedes any and all prior agreements or understandings (whether or not in writing) pertaining to denial of Smith's 2019 PFD. Smith represents and acknowledges in executing this Agreement, that this is the sole agreement between Defendants and Smith, that she does not rely and has not relied upon any other agreement, representation, or statement made by any officer, director, manager, agent, employee, or representative of Defendants with regard to the subject matter, background, or effect of this Agreement, except as expressly set forth in the text of this Agreement.

## 6. GOVERNING LAW

This Agreement will be governed by and construed exclusively in accordance with the laws of the State of Alaska without reference to its choice of law principles. Any disputes arising under this Agreement shall be brought in a court of competent jurisdiction in the State of Alaska.

## 7. BINDING EFFECT

This Agreement is and shall be binding upon Smith, Defendants, and their heirs, executors, administrators, legal representatives, successors and assigns.

## 8. KNOWING AND VOLUNTARY AGREEMENT

Smith agrees that she has carefully read and fully understands all aspects of this Agreement including the fact that this Agreement releases any claims that Smith might have against Defendants. Smith agrees that she has not relied upon any representations or statements not set forth herein or made by Defendants' agents or representatives.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the dates indicated below.

DATED: 4\14, 2021.

DENALI SMITH
*Plaintiff*

By: _____
Denali Smith
*Plaintiff*

DATED: 4/14, 2021.

SHORTELL LAW LLC

By: _____
Caitlin Shortell
*Attorney for Plaintiff*

DATED: 4/14, 2021.

MICHAEL DUNLEAVY
TREG TAYLOR
LUCINDA MAHONEY
ANNA MACKINNON
*Defendants*

By: _____
Rebecca E. Hattan
Assistant Attorney General
*Attorney for Defendants*

*Smith, Denali v. Dunleavy, et al.*
Settlement Agreement and Release

3:19-cv-00298-HRH
Page 4 of 4

Scanned with CamScanner

Case 3:19-cv-00298-HRH   Document 44-1   Filed 04/14/21   Page 4 of 4